Paul Kanoa *v.* Joseph Lovell and Daniel Ii.

Let judgment be entered accordingly.

Honolulu, February 16th, 1870.

---

SUPREME COURT—IN BANCO.

---

JANUARY TERM—1870.

*Hartwell, and Widemann, J. J.*

---

PAUL KANOA *vs.* JOSEPH LOVELL AND DANIEL II.

A LESSOR'S estate in leased land is a reversion, and his grant cannot affect the LESSEE'S term.

MESNE PROFITS recoverable in EJECTMENT.

Action of ejectment and for mesne profits. The case was submitted on the following agreed facts:

The plaintiff claims under a lease from the Princess Victoria Kamamalu and M. Kekuanaoa, dated January 1st,

1864, for the term of twenty years from its date, which lease was duly acknowledged, and recorded March 39, 1864.

The defendants are in possession of the premises, the annual rental and profits of which are five dollars, and have held possession thereof since April 11, 1865, under a deed of conveyance from Charles C. Harris, Trustee of the said Princess Victoria Kamamalu, dated April 11, 1865, which deed was duly acknowledged and recorded on the day of its date. The said Charles C. Harris made and executed the said deed under and by virtue of a deed of trust from the said Princess Victoria Kamamalu to him, dated April 9, 1864, and duly acknowledged and recorded April 11, 1864, which said deed of trust conferred the power to collect and pay debts, but gave no express power of sale.

The plaintiff made demand upon the defendants for possession before the action was brought. The deeds referred to are filed.

W. C. Jones and F. H. Harris for plaintiff.

H. Thompson for defendants.

HARTWELL, J.: The plaintiff's lease was duly executed and recorded before the defendants' deed of conveyance. It is unnecessary to consider the validity of the trustee's conveyance under his power, although it would seem that the defendants received good legal title. See Goodrich *vs.* Proctor, 1 Cray, 569; Parker *vs.* Converse, 5 *Ib.*, 336; Baldwin *vs.* Timmins, 3 *Ib.*, 302.

But the trustee could convey no better title, and no larger estate, than his beneficiary had, and his deed only purports to convey "all her estate, right, title, interest, property, possession, claim and demand." The estate which remained in the Princess Victoria, or in those holding under her, during the continuance of the lease, was an estate in reversion, and the defendants, as grantees of the reversion, have an estate in remainder, which will entitle them to possession only upon the termination of the lease. Burde *vs.* Thayer, 3 Met., 77.

The plaintiff is entitled to the writ prayed for in his complaint, giving him possession of the premises under his lease, and also to mesne profits at the annual rental agreed upon, from date of April 11th, 1865, and costs.

Let judgment be entered accordingly.

Honolulu, March 1st, 1870.