## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

KEKAUA ET AL. *vs.* KALEI.

EXCEPTIONS to a verdict, as being contrary to law and evidence, &c., were noted, and a notice of a motion for a new trial was made the next morning after the verdict was rendered; HELD—TOO LATE, the statute requiring the notice of such a motion to be given "AT THE TIME of rendering the verdict."

OPINION BY JUDD, J.

The jury found a verdict for the plaintiffs, and were discharged; the Court then adjourned. The next morning, on the coming in of the Court, the counsel for defendant excepted to the verdict as being contrary to law and evidence, the weight of evidence, &c., and gave notice of a motion for a new trial. It being doubtful whether such motion was in season, the Court reserved the question for consideration in Banco.

Section 1155 of the Civil Code prescribes that judgment may be entered immediately upon the rendition of a verdict, &c., "unless notice is given at the time of rendering the verdict, &c., of a motion for a new trial," &c., and by Rule 7 such exception must be alleged in writing at the time the verdict excepted to is rendered.

The only question presented is, whether the notice of the motion for a new trial given on the morning next after the rendition of the verdict, is sufficiently within the statute. It is true, as urged, that this is not a motion which is necessarily required to be made while the jury were in attendance, as

the form of their verdict was not objected to, and did not need correction. But it would be a straining of the obvious meaning of a plain statute to say that "at the time," meant the next day. If the statute should be relaxed so as to let in this motion, the next demand may be to relax it still further so as to let in a motion made at any time during the next day, and finally the statute may lose its significance altogether.

The successful side has a right to rely not only upon the assurance given him by law that the ten days within which exceptions against his verdict or judgment must be perfected commences to run from the rendition of such verdict or judgment, but also upon the law that allows him execution, unless his adversary excepts at the time.

The counsel for the defendant was present at the rendition of the verdict and had sufficient opportunity to note his exceptions, and motion then.

We do not intend to put too rigid a construction upon our practice statutes, nor would we feel inclined to disallow an exception made reasonably soon thereafter, if good cause is shown why an exception could not have been taken at the time. But the case before us presents no such features. The Court declines to allow the exceptions.

S. B. Dole for defendant.

A. S. Hartwell for plaintiff.

Honolulu, April 11th, 1876.