Luka *v.* Poohina.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1876.

*Harris and Judd, J. J.*

### LUKA *vs.* POOHINA.

THE provision for proceedings on exceptions to the ruling of the Court, in Sections 834 to 839 of the Civil Code, is not controlled by the provision in Section 1156 for a new trial, although the result of exceptions taken may be the ordering of new trial.

#### OPINION BY HARRIS, J.

At this term of the Court there was a verdict for the plaintiff.

The action was for supplies furnished to the defendant's wife, who was living apart from the defendant. Evidence was offered to show that the wife was living apart from her husband because of his adultery, and had continued to do so for a long time. Evidence was likewise offered to prove that the wife of the defendant whilst so living apart from her husband had committed adultery; and the defendant's counsel asked the Court to instruct the jury "that if the jury find that Kupihea the woman, was justified in separating from her husband, but that she had since lived in adultery, they will find 'for the defendant," which instruction the Court refused, and exception was duly noted and finally reduced to writing, and allowed by the judge on the 20th of October, all of which is in accordance with the 836th Section of the Civil Code. And now it is alleged that the exceptions may not be heard, because that if the opinion of the Court shall be that the ruling should have been made as asked, the effect would be that a new trial would be ordered,

and that all the requirements of the Section 1156 (new trial)
have not been complied with. It appears that every direc-
tion indicated by the statute touching exception to the ruling
of the Court was followed by defendant's counsel, and it
would appear by the perusal of the Sections 834 and 839
inclusive, that the 1156th Section of the Civil Code is meant
to apply to a different state of the trial than where excep-
tions to the ruling of the Court are regularly and systematic-
ally noted during the trial. The 1156th Section is meant to
apply to motions for a new trial which may come to the
knowledge of the party, say, after the case is gone to the
jury; as for instance, if the verdict is contrary to law, as
given by the Court, or contrary to the weight of evidence, or
the jury misbehaved themselves, or new evidence be discov-
ered, or any other of the numerous cases for a new trial may
be shown. But the law and rights of parties under excep-
tions to the ruling of the Court at the trial is distinctly laid
down in the Sections above referred to from 834 to 839.
For instance, if the Court should reserve a question for the
consideration of the full Court as is provided in the 834th
Section, it would not be seriously contended that all the pro-
visions of the 1156th Section would have to be complied
with; or again, if the question should be reserved by the
Court on a motion of either party, and the 836th Section is a
mere pursuance of the same remedy when the Justice who
may hold the Court does not see fit to reserve the point,
whilst the 837th Section distinctly enacts that "upon allow-
ance of such exception the questions arising thereon shall be
considered by the full Court." Whatever may be the effect
of the ruling by the Court on the exceptions, the statute is
that the Court must consider them; and the 839th Section
provides as follows: "When judgment shall have been ren-
dered in any case in which exceptions have been allowed,
the judgment may be vacated by the full Court, without any
writ of error, in like manner as if it had been entered by
92

mistake, and thereupon such further proceedings shall be had in the case, as to law and justice shall appertain." The defendant did not present his exception for allowance until fifteen days after verdict rendered. It is true that by so doing he subjected himself to the chance that the plaintiff would take out execution on the completion of ten days in accordance with the 1155th Section of the Civil Code, and this might have subjected him to the inconvenience of moving for a stay of execution, but as it is, he appears to be *rectus in curia.*

S. B. Dole for plaintiff.

E. Preston and L. McCully for defendant.

Honolulu, October 27th, 1876.