## KAMALU vs. LOVELL.

WHERE after verdict a motion is made before the Judge who presided at the jury trial for a new trial, on the ground that the verdict is contrary to the evidence, a "bill of exceptions" is not necessary. When, however, this motion has been ruled upon, a bill of exceptions is necessary in order to pass the case to the Appellate Court.

Such a bill of exceptions should embody the evidence.

Opinion of the Court by JUDD, C.J.

At the second trial of this action, which is ejectment, the verdict of the jury for the plaintiff was set aside, and a new trial ordered by the presiding Justice, as being in his opinion

contrary to the evidence. To this exceptions are now taken to the full Court.

The counsel for the exceptions contends that the original motion for a new trial was not completed according to law, in this respect, to wit: that no bill of exceptions was allowed and signed by the presiding Judge prior to his entertaining the motion. To sustain this view, Sections 1,155 and 1,156 of the Civil Code are cited. Section 1,155 provides for the entering of judgment, and the issuing of execution immediately after verdict, unless notice of a motion for a new trial is given at the time of rendering the verdict or the judgment, and a bill of exceptions and bond are filed within ten days. Section 1,156 prescribes that a losing party may, on filing bond and giving notice to the opposite party, move the Court within ten days after the rendition of verdict or judgment for a new trial for any cause for which a new trial may, and ought to be granted, and that the filing of exceptions and bond shall operate as a stay of execution, etc.

In Kekaua *vs.* Kalei, 3 Haw. Rep., 683, it was decided that exceptions to a verdict, and a motion for a new trial must be made at the time of the rendition of the verdict, and that an exception taken the next morning after the verdict had been rendered was too late.

The question whether exceptions to the rulings of the Judge during the progress of a trial, or the charge to the jury, were controlled by Section 1,156, and should be perfected within ten days, was considered in Luka *vs.* Poohina, 3 Haw. Rep., 728, and the Court held that all exceptions thus taken were required to be perfected only before the final adjournment of the Court, for the term, according to the provision of Sections 834 to 839 of the Civil Code. The Court then say that Section 1,156 is meant to apply to motions for a new trial granted upon "matters which may come to the knowledge of the party, say after the case has gone to the Judge; as, for instance, if the verdict is contrary to law as

given by the Court, or contrary to the weight of evidence, or because the jury misbehaved themselves, or new evidence be discovered." The Court also say that exceptions to the rulings of the Court may be perfected at any time previous to final adjournment, though more than ten days have elapsed, and though the effect of sustaining the exceptions would be the ordering of a new trial. This decision is made clear by the VIII Rule of Court, which was based upon it.

There is nothing in the statutes or the decisions which requires a bill of exceptions as a basis of a motion for a new trial, on the ground that the verdict is contrary to the evidence. We fail to understand how such a bill of exceptions could be composed. The Court has, at this stage, made no ruling which is capable of being excepted to. It is true that the 1,156 Section says that "the filing of the bill of exceptions and bond shall operate as a stay of execution until the motion is determined;" but this must mean whenever a bill of exceptions does become necessary in order to remove the question to the full Court.

A literal interpretation of this phraseology would require a a bill of exceptions where the motion for a new trial was based upon newly-discovered evidence, as shown by affidavits. To require a bill of exceptions in such a case to be presented to and allowed by the Judge at *nisi prius* prior to his hearing the motion would be an absurdity.

But Counsel say that the Court, in cases where the verdict is excepted to as contrary to the evidence, must have before it reduced to writing the evidence which had been laid before the jury, and that this copy of the evidence is the bill of exceptions. It can in no sense be so called. The Judge who presided at the trial is presumed to have the testimony fresh in his mind, and with his minutes before him, rules upon the motion, either sustaining the verdict and denying a new trial, or setting aside the verdict and granting a new trial.

If the party against whom the ruling is made should then desire to except, in order to have the correctness of this ruling

passed upon by the full Court, he must draft a bill of exceptions which, in motions for new trial based on exceptions to the verdict as being contrary to the evidence, must embody the evidence, and, in all cases, enough of the evidence must be engrafted in the bill of exceptions to apprise the Appellate Court of the nature of the question raised. It would, undoubtedly, be a convenience to the Judge hearing a motion for a new trial based on exceptions to the verdict as contrary to the evidence to have a fresh copy of the testimony made ; and it might be required by a Judge, especially when his own notes were not full. But this is no essential part of the perfecting of the motion to be presented to the Judge who hears the matter in the first instance.

Having found that the defendant's counsel is *rectus in curia*, and no question being made by him as to the form of the bill of exceptions made by the plaintiff's counsel, there remains to be considered the question whether a new trial was properly granted in this case. An examination of the testimony of the witnesses introduced shows that there was no evidence tending to attack the alleged deed of Nuuanu and his wife to Victoria Kamamalu (which came from the custody of H. R. H. Keelikolani, the heir of the Princess), dated 12th August, 1859, and which has been on record since the 24th October, 1863, except the denial of the alleged grantor ; and we are of the opinion that a new trial should be granted. The failure by Lovell or his son-in-law, Daniel Ii, to take full possession of the land is no evidence of fraud on the part of Kekuanaoa, the father of Victoria Kamamalu, and is fully explained by the existence of a lease of the land in question to P. Kanoa, and which has not yet expired. Vide P. Kanoa *vs.* Lovell and Ii, 3 Haw. Rep., 214.

The exceptions are overruled, and a new trial ordered.

S. B. Dole for plaintiff.

W. R. Castle for defendant.

Honolulu, January 29, 1883.