## J. OKUU *vs.* J. N. KAIAIKAWAHA.

ON EXCEPTIONS FROM MR. JUSTICE DOLE.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

·Where exceptions to the rulings of the Court in the progress of a trial are taken and perfected according to the Statute and Rules, it is not necessary to supplement them by an exception to the verdict, and a motion for a new trial on these grounds.

In an action of replevin evidence was offered tending to show that a bill of sale of the chattels in suit, from defendant to plaintiff, absolute on its face, was in fact a mortgage.

Held, such evidence was rightly excluded.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of replevin tried at the last term of this Court. An exception was taken to the rulings of Mr. Justice Dole, presiding, in excluding evidence offered by the defendant tending to show that the bill of sale, absolute on its face, which conveyed the chattels in suit from defendant to plaintiff, was given merely to secure a loan of fifty dollars, and was in fact a mortgage delivered by defendant and wife on that understanding, and received by plaintiff as such.

On the exclusion of this evidence, the defendant closed and the Court directed a verdict for the plaintiff, which was rendered.

The formal exception to the verdict, as contrary to law and the evidence, was made after the jury was discharged, and by Rule VIII.B. was too late. Counsel for plaintiff moved to strike the bill of exceptions from the calendar on this ground. We hold that where exceptions are taken in the progress of the trial before a jury and perfected according to the statute and rules, it is not necessary to supplement them by an exception to the verdict, and by a motion for a new trial on this ground.

The question presented by the exception which was taken and perfected, is whether a court of law is authorized to receive a purely equitable defense? Section 1108 of the Civil Code authorizes the defendant in a civil action to give in evidence any matter of law or fact whatever. Under this authority this Court held in *Kamohai vs. Kahele*, 3 Hawn. Rep., 530, that equitable estoppels (so called because first recognized in courts of equity), or estoppels by conduct, might be received in courts of law.

But to go further and allow at law the terms of a deed to be varied by parol would be to violate a fundamental principle. The principle is stated in Jones on Chattel Mortgages, Sec. 21, as follows: " A formal bill of sale, absolute in its terms and under seal, conveying personal property, cannot in an action between the parties be shown by parol evidence to have been intended as a mortgage." *Harper vs. Ross*, 10 Allen, 332; *Bryan vs. Crosby*, 36 Me., 562; *Benton vs. Jones*, 8 Conn., 186; *Webb vs. Rice*, 6 Hill, 219.

In Illinois it is held admissible in law as well as equity, by force of a statute, that every deed of real estate intended as security, though absolute in terms, shall be considered a mortgage. *Klock vs. Walter*, 70 Ill., 410.

In our system, where the distinction between the jurisdiction in law and in equity is preserved, we see no reason for departing from our established precedents, and extending the jurisdiction of the law courts.

Courts of equity, with their peculiar jurisdiction and powers, are better adapted to deal with the circumstances which may be sufficient to convert a deed into a mortgage, than courts of law, where a jury must decide upon facts.

This holding is in accord with *Davis vs. Brewer*, 3 Hawn., 270, where this Court held that a royal patent not void on its face can only be set aside in equity.

We are of opinion that the trial Justice was right in excluding the evidence, and the exceptions are overruled.

*A. Rosa*, for plaintiff.

*W. A. Kinney*, for defendant.