HENRY ST. JOHN NAHAOLELUA, GEORGE WIL-LIAM NAHAOLELUA, JOHN V. NAHAOLELUA, CHARLES K. NAHAOLELUA, ALBERT K. NA-HAOLELUA, ALEXANDER K. NAHAOLELUA, ALICE K. NAHAOLELUA LANE, WIFE OF JOHN C. LANE, AND EMMA K. NAHAOLELUA *v.* H. A. HEEN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 25, 1911.          DECIDED SEPTEMBER 30, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DEEDS—*construction of, by parties.*

> The rule that where the language of a deed is ambiguous and a certain construction has been given to it by the parties themselves, that construction will be accepted as the true one unless it contravenes some rule of law, does not apply unless all the parties interested participated in such construction.

ACTION TO QUIET TITLE—*title from common source—agreed facts.*

> In a statutory action to quiet title where from the facts agreed upon it appears that both the plaintiffs and defendant claimed title from a common source it is not error to exclude evidence of title anterior to that source.

APPEAL AND ERROR—*exceptions in jury-waived cases.*

> The statute requiring that the decision in a jury-waived case

must be filed in writing, an exception to a so-called oral decision is ineffective for any purpose.

In a jury-waived case an exception to the judgment does not serve to bring up the merits of the decision.

In such a case an exception to the denial of a motion for a new trial which was made and passed on before a written decision was filed presents nothing for the consideration of the supreme court.

OPINION OF THE COURT BY ROBERTSON, C.J.

This case was previously before this court upon exceptions brought by the plaintiffs. Ante, p. 372. The exceptions having been sustained and a new trial ordered the case was brought on for trial in the court below. The plaintiffs obtained judgment, and the case has now come up upon defendant's exceptions. The essential facts were agreed upon, but the stipulation expressly allowed the offering of additional facts in evidence. Upon the new trial the defendant offered in evidence certain documentary evidence for the purpose, as it was stated, of showing contemporaneous construction on the part of Elizabeth Kahele Nahaolelua as to her title to the property in dispute and as to the effect of the deed of September 13, 1873 (which is set forth in the previous decision of this court), and for the further purpose of showing adverse possession on the part of the defendant. Upon plaintiffs' objections the evidence was rejected.

Exceptions 1 to 8, except 2, relate to the court's rulings upon the evidence so offered. That evidence consisted of portions of the court records in the cases of *Kalaeokekoi* v. *Kahele et al* (Eq. 191); *same* v. *same* (Law 2388), and *E. K. Nahaolelua and Kia Nahaolelua, her husband,* v. *Kaaahu et al* (Eq. 712), also two mortgages and eleven deeds executed by Elizabeth K. Nahaolelua and her husband, all of which, it is claimed, relate to the property conveyed by the deed of September 13, 1873, a portion of which is involved in this case. In some of those conveyances the title was warranted; in most of them it was not. Defendant's counsel contend that the evidence offered

tended to show, by way of contemporaneous construction of the deed from A. S. Cleghorn and P. Nahaolelua, trustees, to the mother of the plaintiffs, the understanding on her part that the undivided one-half of the land was thereby conveyed to her in fee simple, and that after the execution of that deed she claimed to own the fee simple title to the land and dealt with it as her own. The evidence was properly rejected. We concede the existence of a general rule of construction to the effect that where the language of a deed is doubtful or ambiguous and a certain construction has been given to it by the parties themselves, as shown by their conduct or admissions, that construction will be accepted as the true one unless it contravenes some rule of law. See 13 Cyc. 603. But in order that the rule may apply in a given case it must appear that the particular construction was participated in by all the parties in interest. In *Dakin* v. *Savage,* 172 Mass. 23, 27, the rule was stated thus: "In a case of difficulty depending on nice and not very well defined distinctions, where all the parties legally and equitably interested have acted upon a particular construction of a deed or deeds, it is wise to follow that construction unless it is forbidden by some positive rule of law." In *Cincinnati* v. *Gas Light and Coke Co.,* 53 Oh. St. 278, 286, the court said: "To have any value as a practical construction, the course of dealing should be uniform, unquestioned, and fully concurred in by both parties."

In the case at bar the plaintiffs were not parties to any of the transactions sought to be put in evidence. It cannot be said, therefore, in this case, that all the parties in interest participated in the alleged contemporaneous construction without holding that the plaintiffs took no interest in the deed in question. We cannot so hold without deciding the very point in controversy. It is clear that under such circumstances the rule referred to has no application.

Exception 2 relates to the refusal of the court to admit in evidence, upon defendant's offer, the original award and patent

covering the land in dispute.  An objection was made to the materiality of the evidence on the ground that the agreed facts showed that the plaintiffs and defendant claimed title from a common source.  The title beyond that source not being involved the evidence was properly rejected.  *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239.

Exceptions 9, 10 and 11.  The parties having rested, the court orally ruled that the plaintiffs should take judgment. The defendant excepted to the ruling and gave notice of a motion for a new trial, which motion was afterwards filed and was denied.  Subsequently, the court filed a written decision in the case holding that judgment should be entered for the plaintiffs with costs against the defendant, and judgment was, accordingly, entered.  The defendant excepted to the judgment but did not except to the decision.  Upon this state of facts counsel for plaintiffs contend that there is no exception now before the court upon which counsel may properly argue, as they have done, the question of the construction of the deed of September 13, 1873.  The rule of "the law of the case" is also invoked, but it will not be necessary to consider it.  We hold that the question of the construction of the deed, in the absence of an exception to the decision of the court below, is not now before us.  The oral ruling of the court that the plaintiffs were entitled to take judgment cannot be considered as anything more than an intimation by the court as to what its decision would be.  In jury waived cases the decision of the court must be filed in writing.  R. L. Sec. 1747; Act 117, Laws of 1909.  And an exception to a so-called oral decision is ineffective for any purpose.  *Maalo* v. *Kaiapa,* 11 Haw. 705.  The exception to the overruling of defendant's motion for a new trial was also abortive for the reason that at the time the motion was made and passed on no written decision had been filed. The exception to the judgment would be effective to present any question as to its form, had such been raised, but it did not serve to bring up the merits of the decision.  The decision in

a case tried without a jury is analogous to the verdict in a case tried with a jury, and an objection that a decision was contrary to the law or the evidence can be made in this court only when an exception to the decision has been noted in the trial court. See *Thatcher* v. *Ireland*, 77 Ind. 486.

This court has heretofore decided that exceptions taken during the progress of a trial and perfected according to the statute will be considered though there was no exception to the verdict. *Okuu* v. *Kaiaikawaha*, 7 Haw. 311. Also, that exceptions properly brought up will be considered though they are incorporated in a bill containing other exceptions which cannot be considered. *Ferreira* v. *Rapid Transit Co.*, 16 Haw. 406.; *Kauhane* v. *Laa*, 19 Haw. 526.

Having considered all the exceptions now properly before us and having found them to be without merit, they are overruled.

*E. M. Watson* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiffs.

*J. A. Magoon* and *L. P. Scott* (*Kinney, Prosser, Anderson & Marx, Magoon & Weaver* and *N. W. Aluli* on the brief) for defendant.