## MISSOURI, O. &· G. RY. CO. v. HAYDEN.

No. 1082.   Opinion Filed November 14, 1911.

(119 Pac. 581.)

**TRIAL—Exclusion of Witnesses.** The principal officer of a railway company who becomes a witness in a cause may be put under the rule and excluded from the courtroom as other witnesses.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by Martha A. Hayden, Walter Hayden, special administrator, against the Missouri, Oklahoma & Gulf Railway Company.   Judgment for· plaintiff, and defendant brings error. Affirmed.

*E. R. Jones,* for plaintiff in error.

*C. E. Castle* and *E. L. Moore,* for defendant in error.

KANE, J.   As the evidence is not all in the record, there is only one question for review presented by the plaintiff in error in its brief, and that is:

"The court erred in refusing to allow W. P. Dewar, the vice president and general manager of plaintiff in error, to remain in the courtroom to aid and assist plaintiff in error in the trial of the cause."

On this question counsel says:

"In this case the rule was invoked and all the witnesses, both of plaintiff and defendant, were excluded from the courtroom.   The plaintiff, special administrator, Walter Hayden, the person primarily interested in the lawsuit from the plaintiff's standpoint, was permitted to remain in the courtroom and to give the attorneys the benefit of suggestions made to them from time to time during the course of the trial.   W. P. Dewar, the vice president and general manager of the railway company, and, according to the testimony set out by this brief, the person

having complete charge of the property of that company, was excluded from the courtroom and was not permitted to remain in the courtroom or permitted to give the defendant's attorneys the benefit of such suggestions as might occur to him during the trial of the case."

As this was a case commenced prior to statehood, the rule of practice applicable to like cases in the state of Arkansas is applicable. In that state it is held that even a party to a suit who becomes a witness may be put under the rule and excluded from the courtroom, in the discretion of the court. This is also the rule at common law, and prevails generally in the courts of this country. *Randolph v. McCain,* 34 Ark. 696.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.