*Achi & Achi* for appellant.

*B. L. Marx (Frear, Prosser, Anderson & Marx* on the brief) for the trustee.

---

## MANUEL DO REGO *v.* H. OYAGI AND KAILI HALAMA.

### No. 1154.

### MOTION TO DISMISS.

ARGUED FEBRUARY 18, 1919.       DECIDED FEBRUARY 24, 1919.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J., ABSENT.

APPEAL AND ERROR—*exceptions—judgment.*

    A judgment is not an essential part of the record on exceptions and it is immaterial whether a judgment has or has not been entered in the lower court.

SAME—*same—same.*

    Exceptions to a judgment would be effective only to present any question properly raised as to its form but could not serve to bring up the merits of the decision.

OPINION OF THE COURT BY COKE, C. J.

At the conclusion of the trial of the above cause in the circuit court, which was had jury waived, a decision

was rendered in favor of plaintiff and against defendants. An exception to the decision was noted by counsel for defendant Halama who then interposed a motion for a new trial which was denied. Said defendant also noted an exception to the order denying the motion and thereafter duly presented his bill of exceptions and the same was allowed by the judge of the circuit court. The record on exceptions has reached this court and plaintiff by his attorney now interposes a motion to dismiss the bill of exceptions for the reason that no final judgment has been entered in said cause.

The motion is without merit. An appeal in equity brings up the decree; a review by writ of error in a law case brings up the entire record including the judgment, and a bill of exceptions presents to the appellate court only so much of the record of the lower court as may be necessary to make the exceptions intelligible. The judgment is not an essential part of the record on exceptions and it is immaterial whether a judgment has or has not been entered in the lower court. An opinion defining the inherent distinction between statutory appeals and writs of error on the one hand and appeals by bills of exception on the other is to be found in *Meheula* v. *Pioneer Mill Co.*, 17 Haw. 91. The subject is so lucidly and fully dealt with as to render that opinion a beacon light to those unfamiliar with the principles involved. We quote therefrom as follows: "A bill of exceptions, unlike a writ of error or an appeal, does not bring the entire case or its record to this court. We have merely to decide whether the exceptions are good or bad. If they are overruled that is the end of the functions of this court relating thereto, nothing remaining but the order, notice or remittitur, on receipt of which the judgment in the circuit

court if it had been entered but suspended pending the exceptions remains in full force, requiring no affirmance or other recognition from this court. If no judgment was entered on the verdict it is entered by the circuit court upon notice of the overruling of the exceptions. This result follows as a matter of law and not in consequence of any direction of this court. The records of the case and all papers filed in the circuit court are, it is true, often sent here with the bill of exceptions, as in appeals and writs of error, but the practice is incorrect. When causes are appealed * * * we have before us the entire record and may review, reverse, affirm, amend, modify or remand for a new hearing in chambers such decision, judgment or decree in whole or in part as to all or any of the parties. In cases of error * * * the supreme court shall have power to enter such judgment in the case as in their opinion the facts and law warrant. * * * This court has by law no power in overruling exceptions to make a judgment."

Counsel for plaintiff erroneously assumes that in the opinion of this court in *Holiona* v. *Kamai,* 24 Haw. 638, language is to be found which justifies his conclusions. In that opinion it was held that "An appeal filed prior to the filing of the decree appealed from is premature. * * * The same would be true of a bill of exceptions presented for allowance prior to the entry of the judgment or order to which the exceptions related." The use of the word "judgment," in the foregoing quotation, is also found in the statute providing for interlocutory exceptions. See Sec. 2513 R. L. 1915. It might at first appear that the word is inadvertently employed because an exception to the judgment does not serve to bring up the merits of the decision. All possible confusion in this respect is

cleared away by reference to the opinion in *Nahaolelua* v. *Heen,* 20 Haw. 613, 616, where it is held that "The exception to the judgment would be effective to present any question as to its form, had such been raised, but it did not serve to bring up the merits of the decision."

The exceptions in this cause run to certain rulings of the court during the trial, to the decision rendered, and to the order overruling the motion for a new trial. The entry of judgment was unnecessary as a prerequisite to the bill of exceptions and had the judgment been entered it would have no place in this record.

The motion to dismiss the bill of exceptions is denied.

*E. R. Bevins* for the motion.

*Enos Vincent* contra.