## SEVERINO BONACON, BY LEONCIO BONACON, HIS NEXT FRIEND *v.* WILLARD A. WAX.

## No. 2517.

SUBMITTED DECEMBER 19, 1944.　　　　DECIDED MARCH 19, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

58

OPINION OF THE COURT BY LE BARON, J.

The appellant brought an action against the appellee for damages allegedly the proximate result of the appellee's negligence while operating an automobile which collided with the bicycle upon which the appellant was riding on a public highway. The jury rendered a verdict for the appellee.

The appellant moved for the setting aside of the verdict and the granting of a new trial on the sole ground of newly discovered evidence. This motion was denied. The appellant brings his bill of exceptions predicated upon alleged errors of trial.

The appellee argues that such errors by not being included as grounds of the motion for new trial were waived.

Section 3742 of the Revised Laws of Hawaii 1935 authorizes the trial court to grant a new trial "for any legal cause" but in this jurisdiction there is no statute providing that a motion for new trial be made as a condition precedent to the taking of a bill of exceptions nor, in the event such motion is made, one requiring the movant to include therein all alleged errors capable of being assigned as grounds or limiting appellate consideration of a bill of exceptions to the grounds of the motion. On the other hand, by virtue of section 3530 of the Revised Laws of Hawaii 1935, a bill of exceptions may be brought directly to this court without the intervention of a motion for new trial, it not being necessary either to supplement exceptions duly taken during trial by one to the verdict or to duplicate them in the grounds of a motion for new trial. (*Okuu* v. *Kaiaikawaha*, 7 Haw. 311; *Luka* v. *Poohina*, 3 Haw. 728.)

Hence, the contention that a waiver arises from an omission in a motion after verdict is untenable in so far as it concerns alleged errors of trial in the appellant's bill of exceptions.

The bill contains thirty-five exceptions, eleven of which are omitted and abandoned in the brief.

The first specification of error alleges that "The Court erred in holding that inasmuch as there was a sufficient disclaimer on the part of the defendant (Exception No. 4,) said defendant was not by his silence bound to any statement made in his presence by his manager, Mr. Dyer (Exception No. 1)." Pertinent to this allegation, the record briefly shows that at the time of the collision the appellant and appellee were both employees of the Star-Bulletin of which a Mr. Dyer was a manager of one of its departments; that at the same time the appellee was driving his automobile in the scope of his employment; that at the scene of the collision and shortly after its occurrence and after the appellant had been removed by an ambulance the appellee and Dyer purportedly made certain statements heard by witnesses Jordan and Mazzoni; that Jordan took the witness stand and testified that Dyer stated in the presence of the appellee that "it was a regrettable incident, a family affair, a Star-Bulletin employee and * * * he would be taken care of"; that Mazzoni testified to a statement made by both Dyer and the appellee, stating that "they said that everything would be taken care of"; that the attorney for the appellee interrupted the direct examination of Mazzoni and objected to a continuation of his testimony; that the trial judge excused the jury and questioned the witness in chambers for the apparent purpose of ascertaining what further testimony he would give if allowed to continue; that during this interrogation, it being in the nature of an offer of proof, the witness quoted the manager as saying "It was a family affair; that he would be taken care of"

and the appellee, as nearly as the witness could remember, "That this is regrettable, but it is a Star-Bulletin affair"; that thereupon the jury was recalled and the attorney for the appellee moved that all evidence relating to the conversation be excluded; that the trial judge sustained the objection, granted the motion and made the alleged erroneous holding in the following language: "Gentlemen of the Jury, in the case of the testimony of Mr. Jordan, he testified as to a conversation that was had between him and Mr. Mazzoni and Mr. Wax, and a representative of the Star-Bulletin, which was Mr. Dyer. At that time he was not questioned, so far as the Court's attention has been called to it, as to what, if anything, Mr. Wax said. The Court has the determination of whether or not that is admissible, and the Court will instruct you at this time that you will disregard that evidence entirely and will not use it in any manner in determining your verdict in this case in any way, shape or form. * * * The objection as to that testimony of Mr. Mazzoni's will be sustained for the reason that Mr. Wax' statement did show that it was a Star-Bulletin affair, and therefore that is a sufficient disclaimer as far as he was concerned to being bound by silence to any statement made in his presence. Upon those grounds the objection is sustained and we will not go into the conversation so far as this witness is concerned."

In substance, the trial judge determined, preliminary to his excluding and rejecting of all evidence of the conversation, that it is inadmissible as a matter of law on the ground that the appellee's purported statement that "this is regrettable, but it is a Star-Bulletin affair" showed that he disclaimed personal liability, thus construing that statement and ruling in effect that it constituted neither an admission by silence nor one made orally. The exceptions challenge this determination. No error appears therein in so far as it ruled that the evidence did not tend to es-

tablish an admission by silence, the testimony affirmatively showing that the appellee did not remain silent but on the contrary took an active and responsive part in the conversation, saying in conjunction with Dyer that "everything will be taken care of" and declaring in substantial accord with Dyer that "this is regrettable, but it is a Star-Bulletin affair." The question of an admission by silence therefore does not arise and would do so only in the event that, after evidence of the conversation had been submitted to the jury, it in its deliberations disbelieved the testimony that the appellee made these statements, believed the testimony that Dyer made his purported statements in appellee's presence and that appellee remained silent. Needless to say, however, such is not the problem confronting this court. Upon the trial judge devolved the duty of passing on the admissibility of the evidence as a matter of law at the time it was introduced and offered. This court therefore is concerned solely with the validity of the determination made in exercise of such duty, the question being whether the testimony under consideration is of such character that the trial judge was bound to have received it in evidence. The test of admissibility is not one of absolute proof of an ultimate fact in controversy but involves the question of relevancy of proof, relevancy not being dependent upon the conclusiveness of the testimony offered, but upon its legitimate tendency to establish a controverted fact. (*Interstate Commerce Commission* v. *Baird*, 194 U. S. 25, 48 L. ed. 860.) The testimony ruled on by the trial judge recites a conversation in which the appellee purportedly made certain statements. In this connection the general rule is that any statement made by a party to an action and which reasonably tends to prove or disprove a material fact in the case, is competent to be put in evidence against him in the trial of that action. (*Aldred* v. *Ray*, 54 Okla. 154, 153 Pac. 664, 7 A. L. R. 1; *Wulze* v.

Aquardo [Mo.], 6 S. W. [2d] 1017; 2 Wigmore, Evidence [2d ed.] §§ 1048, 1049; 30 Yale L. Rev. 355.)

This court is of the opinion that the testimony of Jordan and Mazzoni is susceptible to the inference that the appellee impliedly conceded his own negligence. The premise for such an estimate is that in the light of the surrounding circumstances the quoted statements of the appellee are capable of being construed as a voluntary assertion that his employer, the Star-Bulletin, is liable in damages for injuries received by the appellant when appellant's bicycle collided with or was struck by appellee's automobile which the record shows was being operated by the appellee on a mission for his employer within the scope of his employment at the time of impact. Hence there arises the inescapable implication that this assertion of liability is founded on the application of the maxim *respondeat superior*, that being the only basis on which it could be made, which necessarily means that the asserted liability of the employer stemmed from that of its agent, the appellee, thus affording the ground for the reasonable inference that the appellee, as the declarant of his employer's liability, impliedly admitted his own negligence which is inseparably blended with the conclusion of liability as contained in his statements so construed and necessary to a proper understanding of it. Consequently, appellee's negligence being a factual state of affairs within his personal knowledge, his statements under such construction are rendered ones of fact, possessing as they do the tendency to establish the main fact in issue. They are therefore legally admissible against the appellee as a part of his opponent's case and competent evidence of the truth of their fair implication and reasonable inference of culpability, subject, of course, to cross-examination, explanation and rebuttal. The trial judge therefore made his determination to the contrary in error.

This court, however, does not say that the testimony is

open to but one interpretation. It does say that, assuming but not deciding that the testimony is capable of more than one construction, such a situation would not present a question of law within the trial court's function to decide, but one of fact for the jury alone, it being the trier of fact, within its exclusive province to weigh the evidence and determine the credibility of the witnesses. (*Smith* v. *Hamakua Mill Co.*, 15 Haw. 648; *Von Reeden* v. *Evans*, 52 Ill. App. 210.) Neither does this court presume to say what construction the jury would have placed ultimately upon the testimony or what effect, if any, such would have had upon the minds of the jury had it not been excluded and rejected. But it can say that had the testimony been submitted to the jury without comment under proper instructions the result of the trial might have been different. The error is therefore prejudicial, warranting a second trial and making it unnecessary to consider the remaining specifications of alleged errors of trial.

In closing it should be borne in mind that the statements are considered herein from the standpoint of admissibility against the employee himself as a party to the action and not from that of admissibility against the employer where the criterion would be a part of the law of agency and the issue one of authority to speak for the employer as settled by the rules of substantive law upon that subject. (See *Caswell* v. *Maplewood Garage*, 84 N. H. 241, 149 Atl. 746, 73 A. L. R. 133.)

For the reasons assigned the exceptions pertaining to the determinative holding of the trial judge in respect to the testimony of the conversation between Dyer and the appellee are sustained, the verdict set aside, a new trial ordered and the cause remanded to the lower court for further proceedings consistent with this opinion.

*W. Y. Char* and *Fukushima & Morita* for plaintiff-appellant.

*F. Patterson* and *E. J. Botts* for defendant-appellee.