# TAKEO YOSHITOMI *v.* KAILUA TAVERN, LIMITED, AND BISHOP NATIONAL BANK, A HAWAIIAN CORPORATION.

## No. 2822.

SUBMITTED MAY 25, 1951.          DECIDED JUNE 7, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE PARKS
IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

This is an action in assumpsit brought by appellee as employee to recover wages from appellant as employer. It was tried jury-waived. The evidence adduced at the trial pertains to two consecutive periods of time, one a prior period of more than two years and the other a subsequent

period of less than six months immediately following. The evidence is undisputed that during both periods the appellee worked in the appellant's kitchen as a cook for which the appellant during the prior period paid him regular monthly wages at a uniform rate under an existing relationship of employment between the parties, but during the subsequent period paid him nothing. The evidence, however, is in conflict as to whether that relationship of employment continued to exist during the subsequent period and entitled appellee to wages from appellant at the same rate as previously paid. That conflict is occasioned by the testimony of the appellee that such relationship so continued and by the testimony of witnesses for the appellant to the contrary, the sole defense interposed by the appellant being that the parties entered into an oral understanding which operated to change the status of the appellee from an employee entitled to wages into a concessionaire not entitled thereto during the subsequent period. Indicating that such conflict would be resolved favorably to the appellee, the trial judge at the close of trial orally made certain declarations, observations and findings to the effect that the relationship of employment between the parties had not ceased to exist as claimed by the appellant but had continued as claimed by the appellee. Pursuant to those declarations, observations and findings and in conformity to the provisions of section 10107 of Revised Laws of Hawaii 1945, the trial judge thereafter entered a written decision deciding the cause in favor of the appellee and stating the reasons therefor both as to the facts and the law. Accordingly, judgment was entered against the appellant. Under that judgment on prior disclosure of garnishee, the trial judge then entered a garnishee order on which appeared a notation of receipt of copy signed by appellant's counsel. Thereafter the appellant gave notice of appeal by way of a bill of exceptions

and, after specifically excepting to the entry of garnishee order, filed an amended notice of appeal. On subsequent presentation, the trial judge allowed the appellant's bill of thirteen exceptions. Four of those exceptions, however, have been abandoned, one by being neither argued in the appellant's briefs nor included in the appellant's "specification of exceptions relied upon in this appeal" as contained in its opening brief, and three by being included therein but not otherwise mentioned or argued in such briefs. There thus remains nine exceptions or rather nine alleged errors as purported subjects of exception to be considered.

The first five alleged errors to be considered run to the various oral declarations, observations and findings (collectively termed by the appellant as an "oral decision") and pertain to findings of fact therein, all of which were made by the trial judge at the close of trial before entry of the written decision. They purport to be subjects of a general exception noted immediately at the finish of those oral declarations, observations and findings. That exception is devoid of merit, it being the settled law in this jurisdiction that any exception, irrespective of whether it be specific or general, to a so-called "oral decision" in a jury-waived case before entry of the required written decision is "ineffective for any purpose" (*Nahaolelua* v. *Heen,* 20 Haw. 613, 616) and presents "nothing for the consideration of this court." (*O. R. & L. Co.* v. *Kaili,* 22 Haw. 673, 680.) Consequently, the alleged errors are not reviewable by this court.

The sixth alleged error to be considered runs to the written decision and pertains to a purported failure on the part of the trial judge in signing that decision to conform to certain rules of the circuit court requiring notice ("when notice is necessary") of hearings on "demurrers, pleas, motions and other short matters" (Rule 7, First Cir. Ct.)

and providing an opportunity to be heard as to the form of submitted draft of "an order or decree." (Rule 16, First Cir. Ct.) The appellant complains to this court in arguing that error that neither it nor its counsel was notified of any hearing or present at the signing of such decision even though it admits that its counsel knew "that the decision had been presented to the [lower] court for signature." But despite such knowledge the appellant did not attempt to be heard, made no objection and did not call the trial judge's attention to either the provisions of the rules or the purported failure to conform to them. Nevertheless, it attempts to make the alleged error of such a failure the subject of an exception which specifically challenges the written decision on the ground that "it is contrary to the law and the evidence and the weight of the evidence," the argument of appellant in support of that ground being that the trial judge erred in not finding as a fact that there was an oral understanding between the parties under which their relationship of employment had ceased to exist at the inception of the subsequent period. Not only is the alleged error obviously not germane to the exception or properly preserved for appellate review but the exception itself is devoid of merit, there being an abundance of substantial evidence to support the written decision as a matter of law.

The seventh alleged error to be considered runs to the entry of the garnishee order after judgment and pertains to a purported violation of procedure relating to that entry and to the operation of the instant appeal as a stay of further proceedings. It is subject to a specific exception to such entry on the grounds (1) that "it does not appear said order was made pursuant to any motion filed, upon which a hearing was had, as provided by rule 7 of the Circuit Court of the First Circuit" and (2) "that following judgment in said cause, defendant [appellant] did

duly take and perfect an appeal * * * [which] operated as a stay of all further proceedings under said judgment." In arguing that alleged error, the appellant does not contend that the order itself is erroneous. Nor does the record disclose that the appellant and its counsel were not present when the order was presented, signed and entered. Moreover, the record indicates that the appellant signed a receipt of copy of the order before it was signed and entered by the trial judge and shows that after entry thereof there was taken and perfected the instant appeal which according to the second ground of the exception "operated as a stay of all further proceedings under said judgment," such as the enforcement of the order itself. Any violation of procedure relating to entry of the garnishee order, therefore, would be harmless error on the face of the record. The exception is thus frivolous and immaterial.

The eighth and ninth alleged errors are the final ones to be considered. Each runs to the conduct of trial and pertains to a ruling of the trial judge to which is noted a general exception. The ruling to which the eighth alleged error pertains is an exclusion of all witnesses from the courtroom during trial and the taking of testimony. However, the trial judge expressly excused therefrom the appellee and the corporate officer who had hired and supervised him as an employee. That officer became the principal witness for the appellant as to the oral understanding in question and remained in the courtroom throughout the trial, presumably under the duty of looking after the corporation's interests at the trial. Nevertheless, another corporate officer was not excused from the rule. Pursuant to it, he left the courtroom during appellee's testimony in chief and returned to testify on primary issues under appellant's sole defense, but in violation of the rule remained in the courtroom during appellee's rebuttal testimony and

attempted to testify in surrebuttal on a collateral issue. As to that witness, the appellant did not represent to the trial judge and does not assert to this court that he was an officer either in control of the litigation against the corporation or necessary for the purpose of advising its counsel at the trial. Nor did the appellant apprise the trial judge that the rule had been so disobeyed without the knowledge, consent or connivance of the appellant or its counsel. But in fairness to the appellant and its counsel, it is proper to say that the record does not indicate any connivance on their part to the witness' disobeyal although it is apparent from the record that they knew that he had remained in the courtroom after testifying and had heard the appellee's rebuttal testimony. Under these circumstances the trial judge refused to allow such witness to further testify and that ruling is the one to which the ninth alleged error pertains.

Pertinent to the ruling to which the eighth alleged error pertains, the general rule is that the exclusion of witnesses inclusive of corporate officers who are to testify and the limiting of the number of representatives of a corporate litigant to remain in the courtroom during trial are matters within the sound judicial discretion of the trial judge. (*New Amsterdam Casualty Co.* v. *Utility Battery Mfg. Co.*, 122 Fla. 718, 166 So. 856; *United Dentists* v. *Commonwealth* [Va.], 173 S. E. 508; *United States* v. *5 Cases, Etc.*, 179 F. [2d] 519; *Sherman* v. *Irving Merchandise Corporation*, 26 N. Y. S. [2d] 645; *Atlanta Terra Cotta Co.* v. *Georgia Ry. & Electric Co.*, 132 Ga. 537, 64 S. E. 563; *Missouri, O. & G. Ry. Co.* v. *Hayden*, 31 Okla. 21, 119 Pac. 581.) Pertinent to the other ruling, the general rule is that the refusal to allow a witness to testify when he has disobeyed the rule excluding him, and when there has been no showing that his disobeyal was not with the knowledge, consent or connivance of the party or its counsel offering his testi-

mony, is likewise a matter within such discretion. (See *Laughlin* v. *The State,* 18 Ohio 99, 51 Am. Dec. 445; *Mangold* v. *Oft,* 63 Neb. 397, 88 N. W. 507; *Commonwealth* v. *Crowley,* 168 Mass. 121, 46 N. E. 415; *Raymond* v. *Pointer,* 222 Ala. 518, 133 So. 260; *Kight* v. *Boren* [Ohio], 67 N. E. [2d] 48; *Murray* v. *Allerton,* 3 Neb. Unoff. 291, 91 N. W. 518; *Lee* v. *Thornton,* 174 N. C. 288, 97 S. E. 23; *Kelly* v. *Atkins,* 14 Colo. App. 208, 59 Pac. 841.)

In arguing the eighth and ninth alleged errors, the appellant points to no fact or circumstance which tends to show that the conduct of the trial judge may have been outside her sound judicial discretion. Nor does this court find any such fact or circumstance in the record. On the contrary, it finds a proper exercise of that discretion and a due regard for what is right and equitable under the particular facts and circumstances of the case. There is thus nothing upon which to predicate error in respect to the rulings under consideration and the general exceptions thereto are hence frivolous and immaterial.

The nine exceptions as specified and argued in the briefs of the appellant are overruled.

*R. G. Hogan* for defendant (appellant).

*E. J. Botts* for plaintiff (appellee).