MATTHEW H. GLASSEY, APPELLANT, V. JACKSON DYE, APPELLEE.

FILED FEBRUARY 20, 1909.   No. 15,486.

1. **Assault and Battery: JUSTIFICATION.** Where one has entered the premises of another for the purpose of notifying him of the straying of his stock, and the landowner thereupon orders him to depart, his failure to do so instantly, unaccompanied with any threat or violence toward the landowner, does not justify the latter in using a deadly weapon to eject him.

2. ———: INSTRUCTIONS. Where the plaintiff entered upon defendant's premises to notify him of the straying of his stock, and the defendant thereupon ordered him to depart, and upon his failure to do so instantly assaulted him with a deadly weapon, breaking his arm, it was error for the court to instruct the jury that the defendant might use such force as was necessary in self-defense, or to prevent receiving bodily harm, it not appearing that the plaintiff in anywise attacked or threatened the defendant.

3. ———: ———: MITIGATION OF DAMAGES. Where the plaintiff brought his suit for two alleged assaults pleaded as separate causes of action, and there was no evidence whatever that the plaintiff had at the time of or shortly previous to the second assault used provocative or threatening language toward the defendant, it was error to charge the jury generally that, if they believed from the evidence that plaintiff recently before or at the time of the alleged assault had used provocative or threatening language toward the defendant, they might take that circumstance into consideration in mitigation of damages.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Sullivan & Squires,* for appellant.

*A. S. Moon, contra.*

CALKINS, C.

This was a civil action to recover damages for an assault and battery. There was a verdict and judgment for the defendant, and the plaintiff appeals.

1. The plaintiff sought to recover for two assaults pleaded as separate causes of action; the first occurring on the 11th day of July, and the second on the 23d of the same month. In the view we have taken of the case, it will only be necessary for us to consider the facts of the latter date. It appears that the parties were neighboring farmers, between whom there had been considerable friction, and that the defendant had forbidden plaintiff to come upon his premises. On the morning of July 23 the plaintiff found a steer belonging to defendant upon his premises. He got upon a pony and rode to the house where defendant, with a Mr. Lewen, who was working his farm, resided, for the purpose of informing Mr. Lewen of the straying of the steer. His account of the transaction is that he rode up and called to Mrs. Lewen, whom he saw through the screen door, and thereupon the defendant came out with a gun, threatened to kill him, and struck him with the gun, breaking his arm. The defendant's account of the transaction was that the plaintiff rode up to the house, and said a calf had got out of defendant's pasture and was in plaintiff's corral; that thereupon the defendant said to him, "Well, now you have told your story I want you to get out of my yard with your horse"; that he didn't go, and defendant stepped into the house and got a gun, and told him, "I want you to be going"; and that, plaintiff remaining sitting on his horse, the defendant struck at his horse with the gun; that the horse jumped and that he supposed he hit the plaintiff on the arm with the gun. There was no evidence that the plaintiff had said anything except to inform the defendant of the whereabouts of the stock, nor that he did anything to excite or provoke the defendant, unless his failure to depart as soon as defendant thought he should might be

so regarded. The defendant's conduct, according to his own statement, was insulting, violent and unreasonable. The plaintiff had entered the defendant's premises upon a friendly errand, and his failure to depart instantly upon being told so to do did not justify the defendant in using a deadly or dangerous weapon to eject him. *Everton v. Esgate*, 24 Neb. 235; and see note to *Hannabalson v. Sessions*, 93 Am. St. Rep. 250 (116 Ia. 457). The plaintiff asked the district court to instruct the jury to this effect, which it refused to do. The jury were told that defendant had the right in law to use such amount of force as was reasonably necessary under the circumstances to remove the plaintiff from his premises; but they were left the sole judges of what force was necessary, and were given no assistance by the court upon the question as to whether the use of deadly and dangerous weapons under the circumstances was justified in law. The practice of menacing by fire arms is an extremely dangerous one, and its indulgence leads directly to deadly assaults and homicides. It should be resorted to only in extreme cases and as a last recourse in the defense of life and property from serious injury. We think the failure of the court to properly instruct the jury on this question was likely to leave them under the mistaken impression that the law permitted the use of fire arms upon slight pretexts and for trivial causes.

2. The twelfth instruction given by the court on its own motion was as follows: "The jury are instructed that, while the law will not excuse or justify the use of more force than is reasonably apparently necessary to eject an intruder upon the premises of a person or than is reasonably necessary in self-defense and to prevent receiving bodily harm, still the law does make a reasonable allowance for the infirmity of human judgment under the influence of sudden passion or provocation, and it does not require men to reason with mathematical exactness the degree of force necessary to eject a person or to repel an assault. The jury must determine from all the

evidence and from all the facts and circumstances proved on the trial whether he did use more force and violence than was apparently reasonably necessary under the cirstances surrounding this case." This instruction was not applicable to the facts proved. The defendant was not attacked, and therefore nothing was necessary to be done by him in self-defense and to prevent his receiving bodily harm. There was no provocation, and therefore there was no allowance to be made for the infirmity of human judgment under its influence. While in a criminal case the fact that an act was done under the influence of passion may alter its character, we doubt the validity of any such rule applied to an action to enforce a civil liability, for in such case a defendant is to be held liable for the consequences of his act, irrespective of his intention. However that may be, the instruction above quoted should not have been given in this case and under the facts as shown.

3. The sixteenth instruction given by the court told the jury that, if it believed from the evidence that plaintiff recently before the alleged assault had used provocative and threatening language toward the defendant, and at the time by language and conduct aggravated defendant into making an unlawful assault, they might take such circumstance into consideration in mitigation of damages. This instruction was not confined exclusively to either cause of action, but was given as applicable to both. There is absolutely no evidence that the plaintiff used any provocative language on the 23d day of July, nor at any time betwen the 11th day of July and that date. The instruction was therefore misleading and erroneous. *Langdon v. Clarke*, 73 Neb. 516. Since punitive damages cannot be recovered in this state, it logically follows that the rules with regard to the mitigation of such damages, which obtain in states where exemplary damages are allowed, are not applicable here, and the above instruction is erroneous for that reason also. *Mangold v. Oft*, 63 Neb. 397. The remedy by action to recover damages for assaults and batteries, when properly administered, is an

efficient factor in the preservation of peace and order. Men of violent disposition, responsible financially, who care little for fines imposed by magistrates under criminal suits, have a wholesome dread of such actions in jurisdictions where they are properly enforced. They should not therefore be lightly regarded, but· the right to recover in such cases should be upheld and enforced.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

DEAN, J., having been counsel below, took no part in this decision.