[No. 20642.   Department One.   August 29, 1927.]

W. S. MELCHER et al., Appellants, v. HARRY C. CLARK
et al., Respondents.[1]

[1] ATTACHMENT (61, 62)—WRONGFUL ATTACHMENT—MALICE—MEA-
SURE OF DAMAGES—EXEMPLARY DAMAGES.  The measure of dam-
ages for wrongfully and maliciously suing out an attachment
without probable cause is the reasonable value of the use of
the property during the detention and damages for injury to
the property, if any; and exemplary damages cannot be recov-
ered under the statute where the action was not upon the at-
tachment bond.

[2] SAME (61, 62).  In such a case, injury to commercial credit is
not an element of damages for a malicious attachment, where
the action is not on the bond, under Rem. Comp. Stat., § 654,
authorizing exemplary damages.

Appeal by plaintiff from a judgment of the superior
court for Spokane county, Witt, J., entered March 4,
1927, upon the verdict of a jury rendered in favor of
the plaintiffs for twenty-five dollars, in an action for
wrongful attachment.  Affirmed.

[1]Reported in 258 Pac. 1032.

*G. M. Ferris* and *James Emmet Royce*, for appellants.

*Chas. W. Greenough, Ferd J. Schaaf, Williams &. Cornelius, Charles T. Goodsell, J. C. Farrington, W. R. Sampson*, and *Geo. D. Ayers*, for respondents.

MAIN, J.—This action was brought to recover damages for the wrongful levy of an attachment. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiffs in the sum of twenty-five dollars. Judgment was entered upon the verdict, and the plaintiffs appeal.

The appellants are husband and wife and operated three stores in the city of Spokane in which they sold automobile and truck tires and other articles. The respondent Harry C. Clark is sheriff of Spokane county, and the Fidelity & Deposit Company of Maryland was surety upon his official bond. The respondent Cavers & Cavers is a corporation and operated a collection agency in Spokane. During the afternoon of March 30, 1925, at about 4:30 o'clock, a deputy sheriff, at the instigation of Cavers & Cavers, levied a writ of attachment upon the stock in one of the stores. The appellant W. S. Melcher was put in charge as keeper. Before the levy of the attachment, the sheriff had required a bond in the sum of $6,000. The following morning and on March 31, at about 9:30 o'clock, the attachment was discharged because Cavers & Cavers refused to furnish an additional bond which the sheriff required. Thereafter, the present action was instituted for the purpose of recovering for the wrongful levy. It should be stated in this connection that the action is not upon the bond of the surety company, but is an action at law for the wrongful levy. It is alleged in the complaint that the levy was made maliciously. It will be assumed, in what is herein

said, that the attachment was malicious and was, without reasonable cause, sued out and levied.

[1] The appellant's principal contention is that the court adopted the wrong measure of damages. In other words, they were prevented from offering evidence to prove damages which they had sustained, which were the result of the levy. This court has, since the case of *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 Pac. 1072, consistently adhered to the rule of compensatory damages, and rejected the doctrine of vindictive, exemplary or punitive damages. The previous cases will be found cited in *Bronson v. Syverson,* 88 Wash. 264, 152 Pac. 1039, Ann. Cas. 1917D 833, L. R. A. 1916B 993. The appellants, however, insist that they are not seeking to recover exemplary or punitive damages, but only the actual damages which they sustained. In *Fish v. Nethercutt,* 14 Wash. 582, 45 Pac. 44, 53 Am. St. 892, it was held that, where the levy of an attachment was made without malice or desire to oppress, the measure of damages was the value of the property, without any allowance for personal humiliation or sense of wrong. In *McGill v. Fuller & Co.,* 45 Wash. 615, 88 Pac. 1038, the action there, as here, was to recover damages for wrongfully, maliciously and without reasonable cause suing out a writ of attachment and causing the levy of the same. With reference to the measure of damages it was there said:

"The measure of damages for the wrongful taking or detention of personal property is the reasonable value of the use of the property during the period of detention, and damages for injury to the property, if any."

It was further said in that opinion:

"Bal. Code, § 5857 (P. C. § 5608), authorizes exemplary damages *in actions on attachment bonds,* if it be

4—145 WASH.

shown that the attachment was sued out maliciously, but this action was not on the attachment bond. Respondent waived his remedy on the attachment bond and brought a common law action for the wrongful suing out of the writ. By so doing he waived any special rights he might have in an action on the bond, and the amount of his recovery is measured by the same rules as obtain in any other common law action.''

It thus appears from that case that the rule of damages is the same, whether or not the writ is maliciously sued out, when the action is not brought upon the attachment bond. In the present case, as stated, the action was one for damages for the wrongful levy and is not based upon the bond. In fact, the terms of the bond were not pleaded and the bond was not introduced in evidence.

[2] Upon the trial, the appellants offered to prove that, by reason of the levy of the attachment, their credit had been impaired and they sustained substantial damages by reason thereof. One item was, that they were unable to close a contract for a carload of tires which were being sold at a greatly reduced price at the particular time, and the other was the publication in a newspaper of the fact that the levy had been made. This presents the question as to whether injury to commercial credit is a proper element of damages for the malicious levy of an attachment when the action is not based upon the bond, but is an action at law for damages for wrongful levy. In the case of *Seattle Crockery Co. v. Haley,* 6 Wash. 302, 33 Pac. 650, 36 Am. St. 156, where the action was brought upon the attachment bond, it was distinctly held that injury to commercial credit was not an element of damages for a malicious attachment. If injury to commercial credit is not an element of damages when the action is brought upon the bond and the statute (Rem. Comp.

Stat., § 654) [P. C. § 7386], in such a case permits "exemplary damages," it must follow that, where the action is not upon the bond, injury to commercial credit would not be an element of damages, even though the attachment be wrongful or maliciously sued out.

It is unnecessary to review the authorities from other jurisdictions cited in the appellants' brief, as the case is ruled by the previous decisions of this court.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.