[No. 26159. Department Two. December 14, 1936.]

TOM HICKMAN *et al., Respondents,* v. LOUIS DESIMONE, *Appellant.*[1]

*Hyland, Elvidge & Alvord,* for appellant.

*Roy H. Bullack* and *Wm. R. Bell,* for respondents.

TOLMAN, J.—This is an action to recover for personal injuries inflicted by an assault and battery. The case was tried to a jury, resulting in a verdict against the defendant for $2,500. From a judgment on the verdict, the defendant has appealed.

[1] Reported in 62 P. (2d) 1338.

The errors assigned question rulings on the admissibility of certain testimony, the giving of certain instructions, and the failure to reduce or set aside the verdict as excessive.

A very brief statement of facts will suffice for an understanding of the questions to be discussed.

Ella Hickman, a married woman and the mother of seven children, was employed as a saleswoman in a small cigar and confectionary stand occupying a part of a store room in Georgetown. The space so occupied was rented by the proprietor from the appellant, who was the owner of the entire building. Mrs. Hickman worked daily from the time the place opened in the morning until three o'clock in the afternoon, when her place was taken by another for the remainder of the day.

In March, 1931, the proprietor of the cigar stand, having become in arrears in his rent and otherwise seriously involved financially, filed a petition in bankruptcy and apparently closed his place of business and walked away. The appellant, having arranged with the referee in bankruptcy to care for the personal property in the place for the protection of the creditors, took possession of the cigar stand and of the space which it occupied.

The respondents presented testimony to the effect that, on the day the place was closed and the appellant took possession of the premises, Mrs. Hickman ceased her work as usual at three o'clock with no knowledge of the difficulties impending. She went away, leaving in the place a personal letter belonging to herself. She returned in the evening for the purpose of obtaining her letter and entered the place of business to the rear of the cigar stand, off which the cigar stand opened. She there found the appellant in possession, and no doubt was informed that he claimed the right of

possession and the right to exclude her. In the course of the altercation which followed with reference to her right to enter and get her letter, the assault, if it was such, occurred. It is unnecessary to give the appellant's version of what transpired further than to say that he claimed that, after warning Mrs. Hickman that she must not enter the space occupied by the cigar store, he used no more force than was reasonably necessary to remove her therefrom.

As a part of her testimony in chief, Mrs. Hickman, over objection, was permitted to testify that, some three weeks prior to the time of the supposed assault, the appellant had made improper advances to her, and, being repulsed, he had made threats to the effect that he would see that she lost her position, even if he had to cancel her employer's lease to attain that end. It is of this testimony that appellant complains.

At the very beginning of its history, this court in *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689, adopted the rule that compensatory damages only are recoverable and flatly refused to follow the then almost universal rule that, in cases involving the elements of fraud, malice, gross negligence or oppression, in addition to compensation to the injured party, punitive or exemplary damages might be awarded as a punishment of the offender. This doctrine has been adhered to without deviation. *Woodhouse v. Powles,* 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Bronson v. Syverson,* 88 Wash. 264, 152 Pac. 1039, Ann. Cas. 1917D, 833, L. R. A. 1916B, 993; *Melcher v. Clark,* 145 Wash. 95, 258 Pac. 1032, 54 A. L. R. 448.

Under our rule, evidence of prior improper advances with the attendant circumstances could have no bearing on the amount required to compensate the victim of the assault and battery. Such evidence could

only be effective because of its tendency to show malice; and since damages must be compensatory only, whether inflicted with or without malice, the admission of such testimony is prejudicial as tending to inflame the jury.

Such is the rule, we think, in all jurisdictions where the doctrine of exemplary damages does not prevail. See annotations on punitive or exemplary damages for assault in 16 A. L. R. 771, especially that part relating to the minority rule beginning on page 801. See, also, *Atkins v. Gladwish,* 25 Neb. 390, 41 N. W. 347; *Taber v. Hutson,* 5 Ind. 322, 61 Am. St. 96; *Mangold v. Oft,* 63 Neb. 397, 88 N. W. 507; *Glassey v. Dye,* 83 Neb. 615, 119 N. W. 1128.

In accordance with our rule rejecting punitive damages, we are obliged to hold that the testimony complained of was erroneously admitted.

█ In instruction numbered twelve, wherein the court gave the rule regarding excessive force, language was used as follows: "more force than was necessary—." The appellant contends that preceding the word "necessary" as there used, the word "reasonably" should have been used so that the clause would read "more force than was reasonably necessary." Technically, the objection is well taken, though we can hardly believe that any jury would have been misled by the omission. If, on a retrial, that or a similar instruction is requested, the word "necessary" should be qualified by the word "reasonably."

█ The case was tried more than four years after the assault occurred. We find no evidence to the effect that respondents or either of them suffered any humiliation by reason of the supposed assault, nor do we find evidence of any possible *future* suffering by them of any "injuries, shock, pain, anguish, humiliation and mental suffering," and yet in the instruction on the

measure of damages all of these elements were included. It would seem that, after four years, all such elements would have fully matured and no future possibility would remain. The instruction was erroneous to the extent indicated.

What now on the face of it seems to us to be an excessive verdict is, perhaps, due to the admission of improper evidence and the giving of an erroneous instruction, as hereinbefore pointed out. In another trial to another jury, those matters will not again occur, hence we do not now consider the question of the amount of the verdict.

Reversed, with instructions to grant a new trial.

MILLARD, C. J., HOLCOMB, MITCHELL, and BEALS, JJ., concur.