## PETER MANGOLD v. CLAUS OFT.

FILED DECEMBER 18, 1901.   No. 10,706.

Commissioner's opinion; Department No. 3.

1. **General Denial: JUSTIFICATION.** Evidence in justification of an assault, is not admissible under a general denial.

2. **Assault and Battery: THREATS: MITIGATION: EVIDENCE.** In this state, evidence of threats made by the injured party is not ad-

missible, in mitigation of damages, in an action for assault and battery.

3. **Exclusion of Witness: VIOLATION OF RULE: TESTIMONY OF WITNESS.** In order to entitle a party to the testimony of a witness who has violated a rule of the court for the exclusion of the witnesses, he must apprise the court of the facts he expects to prove by such witness, and it must appear that such facts are material, and that such violation of the order of the court was without the knowledge, consent or connivance of himself or his attorneys.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J.  *Affirmed.*

*J. J. O'Connor,* for plaintiff in error.

*Albert S. Ritchie* and *Carl E. Herring, contra.*

ALBERT, C.

This action was brought by Claus Oft against Peter Mangold to recover for an assault and battery alleged to have been committed on the former by the latter. The jury found for the plaintiff, and the court rendered a judgment accordingly. The defendant brings the record here for review on error.

A considerable portion of the defendant's brief is devoted to discussion of alleged errors of the trial court in excluding evidence tending to show a justification of the assault. In our opinion, such evidence was properly excluded. The petition, so far as is material at present, is as follows: "That on the 8th day of October, 1897, the defendant assaulted and beat the plaintiff, and did then and there wrongfully knock the said plaintiff down, and did then and there, by such beating and knocking, break the plaintiff's right leg at the ankle." The defendant answered as follows: "Now comes Peter Mangold, and for answer to the petition of said plaintiff filed herein, denies each and every allegation in said petition contained, and, further answering said petition, alleges the facts to be that on or about the 8th day of October, 1897, said plaintiff

made an assault on this defendant, and while this defendant was pulling back, and using no more force than was necessary to resist said assault, said plaintiff slipped and fell to the floor; and whatever injury he received was caused by his own fault and not by any blow of this defendant." This answer amounts to a denial that the defendant assaulted or beat the plaintiff, and an affirmative allegation that the plaintiff injured himself in his efforts to commit an assault and battery on the defendant. The affirmative matter amounts to nothing more than an argumentative denial. Taken as a whole, then, the answer is a bare general denial. In an action of this kind, evidence of facts tending to justify the assault is not admissible under a general denial. One of the prime objects of pleading is to apprise his adversary of the nature of the charge or defense of the pleader. It would be too much to insist on absolute fairness in this regard, but certainly it is not unreasonable to refuse to listen to the excuses one attempts to make for committing an act which at the same time he solemnly denies he committed. *Barr v. Post,* 56 Nebr., 698; *Levi v. Brooks,* 121 Mass., 501; *Senecal v. Labadie,* 42 Mich., 126; *Grace v. Teague,* 81 Me., 559. But the defendant insists that the evidence of previous threats was admissible in mitigation of damages. In this state, the recovery in cases of this kind is limited to compensatory damages. No recovery can be had of punitive or exemplary damages. In theory, at least, the damages recoverable are the pecuniary equivalent of the injury. By offering such evidence in mitigation of damages, the defendant admits the assault, and that it was wrongful. As the law will not permit any assessment of damages against the defendant by way of punishment, neither will it permit any reduction of the pecuniary damages actually sustained by the plaintiff, for that purpose. In short, threats can not be shown in mitigation of compensatory damages. *Goldsmith v. Joy,* 15 Am. St. Rep., 923.

After showing the amount of time lost by the plaintiff, because of his injuries, his attorneys propounded this

question: "What was your loss per day on account of not being able to work?" Over defendant's objection, he was permitted to answer. His answer was: "Well, my loss is, not take it very high, it is worth $2 a day." The defendant insists that the admission of this evidence was error, as it was for the jury to determine the amount of his loss. But taken in connection with the rest of plaintiff's testimony, we are satisfied that it worked no prejudice. His testimony shows the period for which he was disabled. In other parts of his testimony, more especially on cross-examination, it appears that the value of his time during that period, but for such disability, would have been $2 per day. This evidence is uncontradicted. The jury having found for the plaintiff, there was nothing to warrant them in awarding him less than $2 per day for his loss of time. Whatever error may have been in the reception of the evidence was error without prejudice.

Just before resting his case, the defendant produced three witnesses; and their testimony was objected to on the ground that they had been present a portion of the time during the trial of the cause, in violation of a rule of the court excluding the witnesses on pain of their testimony being rejected, made on the motion of the defendant himself. The objection was sustained, and the exclusion of this testimony is assigned as error. As to one of these witnesses, the defendant in his offer disclosed no fact which he expected to prove by him. As to the other two, he made no showing that their presence in the court room during the trial was not with the knowledge, consent or connivance of himself or counsel. To predicate reversible error on a ruling of this kind, it must appear that the court was apprised of the facts the party expected to prove by such witnesses, that such facts are material, and that their disobedience of the order of the court was without. the knowledge, consent or connivance of the party offering their testimony. The defendant did not bring himself within this rule; hence there is no reversible error in the ruling of the court in this regard. It is true, these facts

were shown by affidavit after verdict, but the showing came too late. We find no error in the record.

We recommend that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.