LOUIS THIES, APPELLEE, V. FRED W. WEIBLE: FARMERS UNION LIVE STOCK CREDIT ASSOCIATION, INTERVENER, APPELLANT.

FILED APRIL 13, 1934. No. 28743.

*Henderson, Hatfield & Wadden* and *Fred S. Berry*, for appellant.

*Davis, Hendrickson & Davis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

This case involves a controversy over $700 in the hands of the sheriff of Wayne county. The money is claimed by the Farmers Union Live Stock Credit Association, appellant, and by the appellee, Louis Thies. The trial court ordered the money paid to the appellee. The Farmers Union Live Stock Credit Association appeals.

The principal assignments of error are that the findings and judgment are not sustained by the evidence and that the judgment is contrary to law.

The facts are not in dispute. The Weible Mercantile Company, claiming to be a corporation, with its principal place of business at Winside in Wayne county, placed an order with the Farmers Union Live Stock Commission

Company of Sioux City to purchase for it about 60 head of cattle. The appellant, the Farmers Union Live Stock Credit Association of Sioux City, Iowa, had previously agreed with the Weible Mercantile Company to loan it the money necessary to purchase the cattle. The appellant, under said agreement, was to pay the money direct to the Farmers Union Live Stock Commission Company and the Weible Mercantile Company was to execute its note, due in six months, secured by a chattel mortgage upon said cattle, for the amount of money paid by the appellant with interest added to maturity. About the 25th of March, 1932, the Farmers Union Live Stock Commission Company sold and delivered 38 head of cattle to the Weible Mercantile Company and 28 head on or about the 7th day of April, 1932. The appellant, pursuant to said agreement, paid the purchase price for the cattle direct to the Farmers Live Stock Commission Company, and the Weible Mercantile Company executed and delivered its note to the appellant, due in six months after date, for the sum of $1,935.33, together with a chattel mortgage on all of the cattle purchased to secure the payment of said note. The mortgage was filed in the office of the county clerk of Wayne county on April 8, 1932, at 8:15 o'clock a. m.

The appellee, Louis Thies, as plaintiff in an action in the district court for Sheridan county, on February 8, 1932, obtained a judgment against Fred W. Weible and Fred Thies and Helen Weible, as defendants, for the sum of $650. The transcript was filed in the office of the clerk of the district court for Wayne county on the 23d day of February, 1932. An execution was issued thereon on April 7, 1932, directed to the sheriff of that county commanding him to levy upon the property of the defendant Fred W. Weible. The sheriff, acting under said execution, on April 7, at 5 p. m., made a levy upon 26 of the 28 head of cattle delivered to the Weible Mercantile Company on the 7th day of April, 1932. At the time of the levy said cattle were in a yard of said Weible Mer-

cantile Company at its place of business in Winside. The cattle on which the sheriff claimed to have levied as the property of Fred W. Weible were not moved by him or any arrangements made for their feed or care. About April 10, 1932, the appellant, with the consent of the mortgagor, took possession of the entire 58 head of cattle covered by its mortgage and transported them to Sioux City, Iowa. Shortly thereafter a written stipulation was entered into between the appellee, Louis Thies, and the appellant, Farmers Union Live Stock Credit Association, to the effect that it should sell the cattle levied upon and deposit $700 of the proceeds of the sale with the sheriff of Wayne county to be held by him pending a determination of the ownership of the cattle and the rights of the respective parties thereto, and that said appellant should file a petition in the district court for Wayne county setting up its claim and right, and that appellee should file an answer thereto setting up his claim and right, and the entire matter should be submitted to said court for adjudication. Pursuant to said stipulation the appellant deposited the $700, now involved in this action, with the sheriff, filed its petition setting up its claim to the cattle levied on, and the appellee filed his answer thereto.

After the trial and before judgment was entered, appellant filed an amendment to paragraph 7 of its petition to conform to the proof. Notice of such amendment was given attorneys for appellee. No order appears in the record giving leave to amend. Consideration of the amendment by us is objected to by appellee. The amendment made was in conformity to the proof, no objection was made thereto but was acquiesced in by appellee and will be considered as a part of the petition.

The appellant alleged, in substance, in its petition, as the basis of its right to the fund of $700, the facts in relation to the sale of the cattle, the furnishing of the money by it to pay for the cattle in question by the Weible Mercantile Company, and that said mortgage contained a provision that the note secured thereby should

immediately become due if the cattle or any part thereof were levied upon or if they were not given proper feed and care, and giving appellant the right to take possession thereof, and, the cattle having been levied upon, appellant, pursuant to said provision in said mortgage, with the consent of the mortgagor, took possession of said cattle.

The appellee alleged, in substance, in his answer, the levy by the sheriff upon 26 head of cattle on the judgment in his favor against Fred W. Weible, and further alleged that said Fred W. Weible had been for several years involved financially, with judgments for large amounts against him which are wholly unsatisfied; that he endeavored to hide and conceal his property so that his creditors could not reach the same by pretending to organize the Weible Mercantile Company, which is an alleged corporation composed of Fred W. Weible, Helen Weible, his wife, and two minor children of Fred W. Weible and his wife; that the minor children are of tender years and are unable to contract; that said alleged Weible Mercantile Company, if it ever existed as a corporation, no longer exists as such because of its failure to comply with the laws of the state of Nebraska relative to existing corporations, and that said corporation never did exist because the incorporators thereof were unable to enter into and become incorporators.

It is contended by counsel for appellant that the judgment debtor, Fred W. Weible, had no interest in the property levied upon and therefore the appellee acquired no interest therein by the levy. It is fundamental that a creditor, by the levy of an execution, acquires no greater rights in the property levied upon than the judgment debtor had. If the debtor had no interest in the property, the creditor acquires none. *Friedlander v. Ryder,* 30 Neb. 783. The evidence does not disclose that the judgment debtor ever owned the property levied upon or had any interest therein. The cattle were not sold to him, nor did the appellant undertake to pay for the cattle

for him. He paid nothing for the cattle, nor did he become obligated to pay for them. The cattle were sold to the Weible Mercantile Company as a corporation. As far as the appellant was advised, the judgment debtor had no interest or ownership therein. It is not alleged in the answer nor is there any evidence to the effect that the judgment debtor, Fred W. Weible, ever transferred any of his property to the Weible Mercantile Company or that he had any interest therein, other than as its manager and secretary. The judgment debtor, Weible, having no ownership or interest in the property levied upon, the appellee, as judgment and execution creditor, acquired no interest or right in the property by reason of the levy.

The stipulation under which the money was placed in the hands of the sheriff was that the same was to be paid to the party the court adjudged established a right to said fund. It is claimed by the appellee that, though no right was acquired by the levy of the execution, the chattel mortgage given by the Weible Mercantile Company was void, and therefore appellant has shown no right to the fund. The right of the appellant to the fund in question depends upon whether the chattel mortgage on the cattle levied upon was good as between the appellant and the Weible Mercantile Company; if so, the appellee is not in a position to question its validity. He was not a creditor of the mortgagor. Comp. St. 1929, sec. 36-301; *Security State Bank v. Schomberg,* 119 Neb. 598; *Sanford v. Munford,* 31 Neb. 792; *Reiss v. Argubright,* 3 Neb. (Unof.) 756.

It is claimed by appellee that the chattel mortgage was void between the parties for the following reasons: (1) That the Weible Mercantile Company never had any existence as a corporation; (2) that the description of the cattle in the mortgage as to the cattle levied upon was insufficient; and (3) that the Weible Mercantile Company was not the owner of the cattle at the time of the execution of the mortgage. It is urged by appellee that

the Weible Mercantile Company never had any existence as a corporation, for the reason that some of the incorporators and others, who are stockholders therein, are infants. The answer, in effect, admits a colorable attempt on the part of the alleged incorporators to organize a corporation. The record shows that articles of incorporation, duly signed and acknowledged by the corporators, were adopted by the Weible Mercantile Company on December 3, 1927, and filed and recorded in the office of the county clerk of Wayne county on December 7, 1927, and also that such articles were filed and recorded in the office of the secretary of state on December 9, 1927. The Weible Mercantile Company, since the filing of its articles of incorporation, has continuously carried on and transacted the business of buying and selling live stock, grain and feed, and groceries, as provided for in its articles of incorporation. It has elected officers to carry on the said business, adopted and used a corporate seal, and during all of said time the judgment debtor, Fred W. Weible, has been the managing officer and secretary thereof. Furthermore, it has made and published statements as to its financial condition.

Section 24-201, Comp. St. 1929, provides that any number of persons may be associated and incorporated for the transaction of any lawful business, and infants are not expressly excluded by the statute as persons who may not associate themselves with others in forming corporations. We do not find it necessary in this case to decide whether they may do so or not. Although a *de jure* corporation may not have been formed, owing to the incapacity of some of the corporators, we are convinced that there was a corporation *de facto* whose existence cannot be questioned by appellee in this action. The general rule is: "When persons assume to act as a body, and are permitted by the acquiescence of the public and the state to act as if they were legally a particular kind of corporation, for the organization, existence, and continuance of which there is express recognition by the

general law, such a body of persons is a corporation *de facto*, although the particular persons thus exercising the franchise of being a corporation may have been ineligible and incapacitated by the law to do so. This is on the same principle on which it is held that a person may be a *de facto* officer, although ineligible." 1 Clark and Marshall, Private Corporations, 260, par. g. See 1 Fletcher, Cyclopedia Corporations, 595, sec. 292; *American Salt Co. v. Heidenheimer*, 80 Tex. 344, 26 Am. St. Rep. 743.

We have frequently held: "Where the law authorizes a corporation and there has been an attempt in good faith to organize, and the requirements of the statute have been colorably complied with and corporate functions thereunder exercised, there exists a corporation *de facto* which ordinarily cannot be called into question collaterally." *Haas v. Bank of Commerce*, 41 Neb. 754. See, also, *Lusk v. Riggs*, 70 Neb. 713; *Kleckner v. Turk*, 45 Neb. 176; *Livingston Loan & Building Ass'n v. Drummond*, 49 Neb. 200; *Lincoln Building & Savings Ass'n v. Graham*, 7 Neb. 173.

The reason a collateral attack by a third person will not avail against a corporation *de facto* is that, if the rights and franchises have been usurped, they are the rights and franchises of the state, and it alone can challenge the validity of the franchise. Until such interposition, the public may treat those in possession and exercising corporate powers under color of law as doing so rightfully. The rule is in the interest of the public and is essential to the safety of business transactions with corporations. It would produce disorder and confusion, embarrass and endanger the rights and interests of all dealing with the association, if the legality of its existence could be drawn into question in every suit in which it is a party or in which rights were involved springing out of its corporate existence. 1 Fletcher, Cyclopedia Corporations, 545, sec. 276; *Duggan v. Colorado Mortgage & Investment Co.*, 11 Colo. 113; 14 C. J. 204-207; 7 R. C. L. 60, sec. 42; 1 Clark and Marshall, Private Corporations, 241, sec. 82.

Speaking of an attempt to question the legal existence of a corporation, this court has said in *Haas v. Bank of Commerce, supra:* "It would be intolerable to permit in any civil action, to which such a body was a party, an inquiry into the legal right to exercise corporate functions —a right which it is for the state alone to question in appropriate proceedings for that purpose. On this there is a substantial unanimity in the authorities."

The attempt is made in this case, although the corporation is not even a party to the action. "A mortgage made by or to a corporation *de facto* is as valid as if it were made by or to a corporation *de jure,* and cannot be attacked on the ground of want of incorporation, either by the mortgagor or by persons claiming under him or it, or by third persons." 1 Clark and Marshall, Private Corporations, 234, sec. 3.

In this case the appellant dealt with the Weible Mercantile Company in good faith, believing that it was a corporation, and was entitled to assume that the corporation rightfully possessed corporate powers. The appellee, having acquired no right or interest in the mortgaged property by reason of the levy, will not be permitted to make a collateral attack on the existence of the Weible Mercantile Company as a corporation.

The claim of appellee that the description of the cattle in the mortgage is insufficient is without merit. The description of the cattle in the mortgage is full and complete. They are identified by brand, color, weight, breed, number and location. The description was sufficient, not only as between the parties, but as against everyone. *Security State Bank v. Schomberg,* 119 Neb. 598; *South Omaha Nat. Bank v. Stewart,* 75 Neb. 716; *Farmers & Merchants State Bank v. Sutherlin,* 93 Neb. 707.

The contention of the appellee that the Weible Mercantile Company was not the owner of the cattle levied upon at the time of the execution of the chattel mortgage is based upon the fact that the mortgage and the note secured thereby bear date of March 30, 1932, while the

account of purchase of the cattle shows that they were purchased by the Farmers Union Live Stock Commission Company of Sioux City, Iowa, for the Weible Mercantile Company on April 7, 1932, and paid for on that date by the appellant. The cattle were purchased from four different parties in the market at Sioux City, Iowa. The account of purchase shows the number of cattle purchased from each of said parties, together with the description of each head of cattle, with their weight, the price per hundred-weight, the price paid for each, and the total amount of the purchase price. While the presumption is that an instrument was executed on the date that it bears, it may be shown by other facts and circumstances to have been executed at another and different date. It is quite obvious that the date of the mortgage and the note do not correctly show the actual date of their execution. Taking into consideration the fact that the cattle were purchased in the market and paid for on April 7, their description would not have been known on March 30, so they could have been described in the mortgage as they are described, nor would the amount of the purchase price have been known. Whatever may have been the reason for antedating the note and mortgage, it is quite clear that neither the note nor the mortgage was executed until after the cattle had been purchased and paid for on April 7.

It follows from what has been said that at the time of the levy appellant, under its chattel mortgage, had a valid lien upon said cattle; that there was a breach of the condition of said mortgage giving appellant the right to possession of said cattle, and under the stipulation of the parties and the issues joined thereunder, appellant was entitled to the fund in the hands of the sheriff.

The trial court erred in adjudging that the sheriff pay the fund in question to the appellee. The judgment is reversed and the cause remanded, with directions to enter judgment for the appellant, and directing that payment of the fund in question be made to appellant.

REVERSED.