INTERSTATE AIRLINES, INC., APPELLANT, V. THOMAS F. ARNOLD, APPELLEE.

FILED OCTOBER 4, 1934. No. 29003.

*Byron W. Hunter,* for appellant.

*Crofoot, Fraser, Connolly & Stryker,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

ROSE, J.

Plaintiff, Interstate Airlines, a corporation carrying United States mail by airplane, commenced this action against Thomas F. Arnold and Norman P. Cahow, defendants, to recover from them $1,700 for damaging an airplane. It was stated in the petition that, while plaintiff's Pitcairn airplane was parked on the north side of the

Rapid Airlines' hangar apron on the night of January 29, 1931, a Stinson airplane of defendants crashed into the former as the result of Cahow's negligence, causing the damage alleged; that Cahow knowingly violated regulations of the federal department of commerce requiring starting blocks under the Stinson's wheels, a licensed mechanic or pilot in charge, and equipment for night flying; that after starting the motor Cahow intended to fly the airplane at night; that defendants at the time were joint owners and operators of the Stinson airplane; that any operating act of one of them was with the knowledge and consent of the other.

In an answer by Arnold, unadmitted allegations of the petition were denied, and he specifically alleged that defendants were not joint owners and operators of the Stinson airplane at the time of the alleged accident January 29, 1931. Arnold pleaded further that he was not the owner of the Stinson plane at the time of the accident nor then responsible for its operation; that Cahow was not then the agent, servant, employee or partner of Arnold nor the latter's representative in any other capacity creating a liability for damages to plaintiff's plane; that the X U Airways was then the owner of the Stinson plane; that Cahow, without authority and without the knowledge or consent of Arnold, started the motor at night, when the Stinson plane was not equipped for night flying, intending to use it for his own individual pleasure or business in violation of federal regulations relating to the operation of airplanes, thus causing the damage. Details of these defenses were pleaded in the answer.

The reply was a general denial. The action was twice tried. Cahow did not make any defense. Plaintiff recovered a judgment against him for $1,500. Upon the first trial the district court held that the evidence was insufficient to support a verdict against defendant Arnold and dismissed the action as to him. Plaintiff appealed. Upon a review of the record the supreme court ruled that the lower court erred at the first trial in refusing to

admit in evidence a copy of an instrument relating to the transfer of the Stinson airplane from defendants to the X U Airways, and also erred in refusing to submit to the jury the issue as to the joint liability of defendants for damages to plaintiff's airplane. The judgment was reversed as to defendant Arnold and the cause was remanded for further proceedings. *Interstate Airlines, Inc., v. Arnold,* 124 Neb. 546.

On the same cause of action there was a retrial in the district court, Arnold alone defending. The jury rendered a verdict in his favor and from a second judgment of dismissal as to him plaintiff again appealed.

One of the assignments of error challenged the verdict as contrary to the evidence. There was convincing proof. of the following facts: December 11, 1930, defendants, Arnold and Cahow, entered into a written conditional sale contract with Lawrence Enzminger to purchase from him the Stinson airplane for $5,500, payable as follows: $500 upon execution of the agreement; $2,000 February 1, 1931; $3,000 in five bimonthly instalments of $600 each beginning April 1, 1931. The seller retained title, ownership and right of possession until receipt of payments in full, but the purchasers were permitted to use the plane when operated by a satisfactory pilot approved by the seller. The conditional sale contract contained the following provisions:

"It is further understood and agreed that the purchasers intend to form a corporation under the laws of Nebraska to be known as X U Airways, Inc., and to assign their interest in the within contract to said corporation, and the seller agrees to accept said assignment and to carry out the within contract with said corporation upon the payment of the $2,000 due on or before February 1, 1931, and thereafter all liability hereunder shall be that of said X U Airways, Inc."

The payments were eventually made. There was evidence tending to prove that the X U Airways was incorporated January 9, 1931, and that to it Arnold and

Cahow, January 19, 1931, assigned all their interest in their contract to purchase the airplane; that no written or oral partnership agreement was made at any time; that there was no joint liability of Arnold and Cahow for the latter's negligence in damaging plaintiff's airplane; that Cahow, without the knowledge or consent of Arnold, started the motor at night, when the Stinson plane was not equipped for night flying, intending to use it for his own personal business or pleasure in violation of federal regulations while operated by a pilot not approved by the seller; that no one was authorized by the seller to fly the plane by night; that the accident occurred after both Arnold and Cahow had assigned their interest in the contract of purchase to the X U Airways. The jury obviously gave credence to competent evidence of the facts outlined, notwithstanding the testimony of plaintiff's witnesses. The entire record has been considered from every standpoint and the conclusion is that the verdict is not contrary to the evidence but is amply supported by it.

In view of the result reached on the sufficiency of the evidence to sustain the dismissal of the action as to Arnold, the assignments of error are based largely on technical grounds. It is argued that the trial court erred in overruling objections to evidence that plaintiff recovered a judgment against Cahow for $1,500 on the same cause of action. He was the principal witness called and examined by plaintiff. His testimony on the issue of joint liability was at variance with that of his codefendant Arnold. Cahow's negligence was shown by undisputed evidence and his liability to the extent of $1,500 was adjudicated. If plaintiff should prevail on the issue of joint liability as pleaded in the petition, the adjudicated liability of Cahow would be extended to and borne by Arnold or by both. The former was therefore vitally interested in the result of the litigation and it was within the discretion of the trial court to admit proof of the judgment for whatever bearing it had on the credibility of Cahow as a witness or on the weight of his testimony.

An instruction assailed by plaintiff as erroneous directed the jury, in effect, that X U Airways was a legal corporation January 9, 1931, and if it was the owner of the Stinson airplane at the time of the accident, Arnold was not personally liable for the damage to plaintiff's plane. Plaintiff contends there was a failure to comply with constitutional and statutory provisions relating to the manner of selecting directors, to the issuance of stock and to notice. The articles of incorporation were adopted, registered, certified by the secretary of state and notice published. Both Arnold and Cahow agreed to transfer to the corporation their interest in the contract to purchase the Stinson plane and did so. The corporation exercised its franchise to accept the transfer. There is no proof of bad faith or fraud in the organization of the corporation or in its corporate acts. The state has not attacked it. Under the circumstances its incorporation and corporate acts were not open to collateral attack by plaintiff. For the purposes of this case it was a legal corporation as stated in the instruction of the trial court. *Thies v. Weible,* 126 Neb. 720.

Conceding, however, contrary to competent evidence, that the corporation had no legal existence and that Arnold and Cahow were partners, the jury were still at liberty under the evidence and the instructions to find in favor of Arnold. He had no part in the negligence of Cahow, a wrong-doer on his own individual account. When Cahow's negligence caused the damage, he was, according to competent evidence, acting solely in furtherance of his own individual business or pleasure and was not performing any service for, or in the interest of, the partnership or Arnold. The jury were justified in finding that Cahow acted without authority from any legitimate source in violation of regulations without the knowledge or consent of Arnold. A partnership or corporation owning an airplane is not liable for damage to property of a third person, while the airplane is being wrongfully and negligently operated by a partner or a corporate officer

exclusively for individual purposes of the operator without authority from or knowledge or consent of the owner. See cases cited in 22 A. L. R. 1402; 45 A. L. R. 481; 68 A. L. R. 1054.

Plaintiff contends also that the district court failed to comply with the mandate to admit at the second trial the document erroneously excluded at the first trial and did not submit to the jury by a proper instruction the issue of partnership and joint liability of defendants. The excluded document was admitted in evidence at the second trial. The instructions directed the jury to find for plaintiff, if defendants were jointly liable, and this fairly included the issue of partnership when the charge is considered as a whole, as it should be. The issues of fact and the law applicable thereto were clearly submitted by the entire charge and the jury were permitted to find for plaintiff on the evidence adduced. Harmless error criticized in instructions considered separately does not require a reversal. Prejudicial error in giving or refusing instructions or in other rulings has not been found upon a review of the entire record.

AFFIRMED.