KATHRYN L. DALY, APPELLEE, V. PUBLIX CARS ET AL., APPELLANTS.

FILED FEBRUARY 21, 1935. No. 29152.

*Kennedy, Holland & De Lacy, Wear, Garrotto & Boland* and *Swarr, May & Royce,* for appellants.

*Johnsen, Gross & Crawford, Bernard J. Boyle, Harry L. Welch* and *Joseph J. Vinardi, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and THOMSEN, District Judge.

ROSE, J.

This is an action to recover damages in the sum of $7,500 for personal injuries which Kathryn L. Daly, plaintiff, alleged she suffered as the result of a collision between a taxicab and an automobile about midnight December 24, 1932, at the intersection of Twentieth and Dodge streets in Omaha. A common carrier of passengers, Publix Cars, owner of the taxicab, Harry Cartwright, operator of the taxicab, and Richard Tizard, driver of the automobile, are defendants. The negligence imputed to Publix Cars and to Cartwright is that the taxicab, headed east on Dodge street, was abruptly halted at the intersection of Twentieth street, without any tail light or other signal or warning to persons in the rear, and that Tizard came from the west at a high speed and drove the automobile into the left rear side of the taxicab. Tizard was charged with negligence in operating the automobile at a dangerous speed; in operating the automobile while under the influence of intoxicating liquor; in failing to have the automobile under proper control; in failing to make any attempt to avoid hitting the taxicab in which plaintiff was riding; in failing to keep a proper lookout for traffic at the point of the collision. It is also alleged in the petition that, as a result of the impact, plaintiff's head struck the glass in the rear of the taxicab, causing severe personal injuries; that the negligence of defendants and of each of them was the cause of the damages which she seeks to recover.

The answer of Publix Cars was a general denial. Cartwright, in his answer, admitted he was headed east on Dodge street at the time of the accident; that a red stop light was shining against traffic from the west on Dodge street at the intersection of Twentieth street; that he lowered his speed and came to a complete stop, and that thereafter the rear of his car was struck by Tizard's au-

tomobile. Unadmitted allegations of the petition were denied by Cartwright.

Tizard answered that the taxicab stopped suddenly without a proper tail light or signal to indicate Cartwright's intention to stop suddenly; that Tizard was following the taxicab at a reasonable distance; that without warning by tail light or signal he was unable to stop in time to avoid a collision, though he made every possible effort to do so; that plaintiff's injuries, if any, were not the result of negligence on his part. The reply of plaintiff to the several answers of defendants was a general denial.

Upon a trial of the issues the jury rendered a verdict against all defendants for $2,000. From a judgment therefor they appealed.

It is first argued by Publix Cars and Cartwright, as a reason for a reversal, that the evidence is insufficient to warrant a verdict against them in favor of plaintiff. The argument is based on two propositions: Negligence on the part of Publix Cars and Cartwright cannot be inferred from the evidence. Even if such an inference could be drawn, the inferred negligence was not the proximate cause of the collision; Tizard's actionable negligence being the sole cause of the accident and resulting damages. In determining the questions thus raised, the duty owing by Publix Cars to plaintiff must be considered. That corporation was a common carrier of passengers for hire. It was acting in that capacity when plaintiff was injured. In its taxicab plaintiff was a fare-paying passenger. She had no part in any negligence resulting in the accident. A law applicable to common carriers reads:

"They are required to exercise the utmost skill, diligence and foresight consistent with the business in which they are engaged for the safety of the passengers, and they are liable for the slightest negligence." *Griffen v. Lincoln Traction Co.*, 118 Neb. 459.

Though testimony of witnesses for Publix Cars and Cartwright tends to disprove the negligence with which

they were charged, there is evidence of the following facts, referring to the time and place of the collision: The night was misty and cloudy. There was no tail light on the taxicab before it was struck by the automobile. A tail light would have acted as a guide for Tizard. There was no signal to indicate Cartwright's intention to stop. Concerning the tail light, the drivers of the vehicles had a disagreement at the scene of the accident. Tizard, who approached from the rear, said there was no rear light and was contradicted by Cartwright. There was no light at the rear of the taxicab after the accident. There was also testimony tending to prove that the taxicab stopped abruptly when it arrived at the intersection; that it stopped before it reached the intersection; that it was going 10 or 15 miles an hour and stopped within perhaps 7 feet after the brakes were applied. There were marks three or four feet long on the street where the wheels of the taxicab skidded in coming to a stop. Some of the testimony tends to prove what is thus briefly stated and must be considered with the duty of the person operating the car in the rear to anticipate the proper stopping of the car ahead in the event of an emergency or a stop-light signal or of a stop signal from a traffic officer, and to exercise ordinary care to prevent a collision. It does not follow, however, that the driver in front may entirely escape the consequences of his own negligence, if, without a tail light at night, he stops suddenly without signaling to the car of his intention to do so, where such negligence concurs with that of the driver of the car in the rear and thus causes a collision in which a third person free from negligence is injured. The jury believed the testimony in favor of plaintiff and rendered a general verdict in her favor. They also found in answer to special interrogations that Tizard was negligent in operating his automobile at an excessive speed; in operating it while under the influence of intoxicating liquor; in failing to have his automobile under proper control; in failing to avoid the collision;

in failing to keep a proper lookout. The jury also specially found that the negligence of Tizard was not the proximate and sole cause of plaintiff's injuries. Tizard's negligence was clearly shown. A consideration of all the circumstances leads to the conclusion that the evidence is sufficient to sustain a finding that the concurrent negligence of all defendants caused plaintiff's injuries. The law is that a common carrier of passengers is liable for personal injuries to a passenger, if caused by the concurrent negligence of the carrier's servant and third persons. *Griffen v. Lincoln Traction Co.*, 118 Neb. 459.

One of the assignments of error challenges the exclusion of offered proof that Tizard paid the damages to the taxicab. The rejected testimony was offered on behalf of Publix Cars and Cartwright. In the petition each defendant was charged with negligence resulting in damages to plaintiff. There was evidence supporting the allegations of the petition. Defendant Tizard blamed the accident on the other defendants and they blamed it on him. The issues for the determination of the jury were between plaintiff and each and all defendants. Plaintiff was not a party to payment of such damages. She did not admit or prove they were paid. What Tizard did individually in that particular at a later date in absence of plaintiff did not bind her. He did not represent her in any capacity. She made no admission against her interests. An admission of Tizard, if made, was not plaintiff's admission. The offered proof, considered as an admission or as an attempt to bolster up other evidence or as affecting the credibility of witnesses or as a settlement between defendants, was hearsay as to plaintiff and properly excluded as such. Whether such testimony under other circumstances would be admissible in an action between joint tort-feasors is a question not now open for consideration.

Disregarding the amount of the verdict, which is assailed as excessive, error prejudicial to any defendant has not been found upon a review of the entire record.

An examination of the evidence relating to plaintiff's injuries and damages, however, leads to the conclusion that the recovery for $2,000 is excessive, but the judgment will nevertheless be affirmed to the extent of $1,200, if plaintiff files herein within 20 days a remittitur for $800. Otherwise, the judgment will be reversed and the cause remanded for further proceedings.

AFFIRMED ON CONDITION.