GEORGE HORKY, APPELLEE, V. IGNES SCHROLL AND
FERDINAND SCHROLL, APPELLANTS.

26 N. W. 2d 396

Filed March 7, 1947.    No. 32159.

*Blackledge & Sidner,* for appellants.

*Lamont L. Stephens,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, and CHAPPELL, JJ., and NUSS, District Judge.

CHAPPELL, J.

Plaintiff instituted this action to recover damages for assault and battery. A jury awarded a verdict for $2,500, upon which judgment was entered. Defendants' motion for new trial was overruled, and they appealed to this court, assigning as error that: (1) The trial court erred in denying defendants the right to plead or prove acts of provocation; (2) erred in permitting

plaintiff to cumulate evidence as to the circumstances of the assault which was allegedly admitted by defendants' answer; (3) erred in giving instruction No. 9; and (4) that the verdict was excessive. We conclude that the assignments cannot be sustained.

Defendant Ferdinand Schroll is the son of defendant Ignes Schroll. Hereinafter they will be designated as defendants, or as father and son respectively. At the time of the alleged assault, plaintiff, a farmer, was 56 years old, weighed 170 pounds, and had high blood pressure, heart trouble, rheumatism, and a deformed right arm, while the son, a young farmer who struck the blows, was 19 years old and weighed 175 pounds.

Plaintiff, in his amended petition, alleged substantially as follows: That on September 22, 1945, on a public street in Ravenna, the son unlawfully assaulted plaintiff and struck him a large number of blows with his fists in and about his face and head, thereby knocking plaintiff to the pavement and rendering him unconscious, whereat the son, clad in shoes, kicked him about the head. That immediately before and during such assault the father was present and by word of mouth counseled, encouraged, advised, and directed the son to commit the assault and battery, saying repeatedly "Hit him," "Hit him again," "Kick him," and like words. That as a result of the assault and battery, plaintiff was cut, wounded, bruised, and nervously shocked, requiring medical aid with expenditures therefor, suffered great humiliation, physical and mental pain and anguish, and was permanently scarred and injured.

Defendants' answer, after denying generally, admitted that the son struck plaintiff but denied that he was at any time rendered unconscious or that he suffered injuries of the nature or extent alleged. They denied that the son kicked plaintiff or that the father at any time said "Kick him" or that he committed or caused to be committed any assault and battery upon plaintiff. It was admitted, however, that during the course of

the altercation the father said to the son "Hit him again." They alleged that any damage plaintiff may have sustained was due entirely to his own acts, in that when the son, without threat or gesture asked plaintiff in substance if he still meant what he had said about him, plaintiff clenched his fist, raised his arm, and with a threatening gesture toward the son, caused and provoked the altercation that ensued.

Defendants' answer originally also contained allegations substantially that plaintiff provoked the assault in that for many weeks prior to September 22, 1945, he had many times, to different persons and in the presence of third persons, falsely and maliciously conducted a continuous campaign of slander and vilification of the son, as "slacker"—"coward"—"yellow"—"afraid to fight," because he was not in the military service, when as a matter of fact, the son had been rejected for physical disability.

The first assignment of error relates to their complaint that the trial court, upon motion of plaintiff, struck the latter allegations from their answer and refused the admission of evidence in support thereof.

Defendants do not argue that such evidence was lawfully admissible for the purpose of showing justification, but argue that it was admissible to mitigate the damages actually resulting from the assault, or for the purpose of assisting the jury in fixing and determining the actual amount of the damages suffered by plaintiff, insofar as it would have a bearing upon the question of the extent of the alleged humiliation suffered by him.

In Haman v. Omaha Horse Ry. Co., 35 Neb. 74, 52 N. W. 830, it was said: "All the authorities agree that words of provocation alone will not justify an assault. * * * Where, however, the provocation is recent, it may be shown in mitigation of damages." It will be noted, however, that the defense in that case was justification and the latter sentence of the above quotation may be considered as dicta merely. In any event, it does not

correctly reflect the law in this jurisdiction and insofar as in conflict herewith, it is overruled. That conclusion is supported by Mangold v. Oft, 63 Neb. 397, 88 N. W. 507, wherein it was said: "But the defendant insists that the evidence of previous threats was admissible in mitigation of damages. In this state, the recovery in cases of this kind is limited to compensatory damages. No recovery can be had of punitive or exemplary damages. In theory, at least, the damages recoverable are the pecuniary equivalent of the injury. By offering such evidence in mitigation of damages, the defendant admits the assault, and that it was wrongful. As the law will not permit any assessment of damages against the defendant by way of punishment, neither will it permit any reduction of the pecuniary damages actually sustained by the plaintiff, for that purpose. In short, threats can not be shown in mitigation of compensatory damages. Goldsmith v. Joy, 15 Am. St. Rep., 923."

Also, in Glassey v. Dye, 83 Neb. 615, 119 N. W. 1128, it was said: "The sixteenth instruction given by the court told the jury that, if it believed from the evidence that plaintiff recently before the alleged assault had used provocative and threatening language toward the defendant, and at the time by language and conduct aggravated defendant into making an unlawful assault, they might take such circumstance into consideration in mitigation of damages. * * * Since punitive damages cannot be recovered in this state, it logically follows that the rules with regard to the mitigation of such damages, which obtain in states where exemplary damages are allowed, are not applicable here, and the above instruction is erroneous for that reason also. Mangold v. Oft, 63 Neb. 397." See, also, Langdon v. Clarke, 73 Neb. 516, 103 N. W. 62; 2 R. C. L., Assault and Battery, § 68, p. 587; 4 Am. Jur., Assault and Battery, § 165, p. 204; 5 C. J., Assault and Battery, § 116, p. 676; 6 C. J. S., Assault and Battery, § 44 (e), p. 867.

In the headnote to the annotation in 63 A. L. R. 890,

it is said: "There is a conflict of authority as to whether provocation may be shown in mitigation of compensatory damages, the better reasoning and the weight of authority supporting the rule that actual or compensatory damages are not in any case subject to mitigation by proof of mere provocation or of malice." The two Nebraska cases heretofore quoted from are cited, among many from other jurisdictions, as adhering to the majority, and we still do so.

To hold otherwise "would not only tend in some measure to encourage in such cases the manufacture of evidence of that character, but, by abrogating in effect one of the most firmly established rules of the law, would inevitably tend to countenance and encourage a resort by the individual to strong-arm methods for redressing his private wrongs, real or imaginary." Terry v. Richardson, 123 S. C. 319, 116 S. E. 273. If the son were slandered as alleged, the law provides a remedy therefor. We conclude that the trial court properly refused to permit defendants to plead and prove provocation in mitigation of compensatory damages, as proposed by them.

On the other hand, every relevant word spoken and every relevant act done by the parties on September 22, 1945, preceding, at the time of, and during the assault and battery, which could throw any light on their participation therein, was properly admitted in evidence by the trial court. An examination thereof clearly discloses that no part of it could be considered as having any logical bearing upon or relation to the extent of plaintiff's actual damages suffered because of his alleged humiliation.

In Ulrich v. Schwarz, 199 Wis. 24, 225 N. W. 195, 63 A. L. R. 886, relied upon by defendants, it will be observed that the words and acts held to have been admissible to aid the jury in determining plaintiff's actual damages suffered by reason of his alleged humiliation, not only were spoken or occurred earlier the same eve-

ning or at the time of the assault and battery, so. as to be fairly considered as part of one and the same transaction, but also were of such character as to have some bearing upon and relation to the extent of plaintiff's· actual ·damages suffered because of his alleged humiliation. Therefore, the rule stated in that case and relied upon by defendants, however logical it may appear to be, has no application to the case at bar.

The next question presented is whether the trial court erred in permitting plaintiff to allegedly cumulate evidence relating to the circumstances of the assault, which assault defendants claim to have admitted in their answer. It will be apparent from the pleadings heretofore· summarized that defendants by their answer admitted only a small part of the material allegations of plaintiff's petition and denied all others. Under such circumstances, it was therefore not only necessary for plaintiff to prove the statements made by the father to hold him liable, since admittedly he did not touch plaintiff at any time, but it was also necessary for plaintiff to show how the assault was committed. The number and force of the blows struck by the son with his fist and that he kicked plaintiff about the head while down had a bearing directly upon the nature and extent of the injuries thus inflicted. The jury had a right to know, and plaintiff had a right to show by competent evidence, how the assault was committed, and all the relative facts and circumstances from which they could fairly determine the extent of plaintiff's injury and damages resulting from the assault and battery by defendants. 4 Am. Jur., Assault and Battery, § 159, p. 201; 5 C. J., Assault and Battery, § 107, p. 671, § 110, p. 672; 6 C. J. S., Assault and Battery, § 42, p. 863.

An examination of the record discloses that a large part of such evidence was not strictly cumulative. However, a part of the evidence adduced by plaintiff's witnesses was cumulative in corroboration of his pleaded theory of the manner and force of the assault and

battery, but its admission was clearly within the discretion of the trial court. Jones on Evidence, Pocket Edition, § 8, p. 6, § 900, p. 1157; Jones Commentaries on Evidence, 2d Edition, vol. 5, § 2317, p. 4531; Ogden v. Sovereign Camp, Woodmen of the World, 78 Neb. 806, 113 N. W. 524. Under the circumstances of this case, we cannot find that the trial court abused such discretion and thereby prejudiced defendants' rights.

Defendants argue that instruction No. 9 was erroneously given. True, the instruction could have been more appropriately phrased, but it contained no misstatement of the law, and an examination of the instructions as a whole, which we are required to do in determining the question, discloses that they presented the issues and the law applicable thereto fairly and clearly in a manner which could not have misled or confused the jury or have been prejudicial to defendants' rights. The applicable rule is that: "Where the instructions as a whole clearly present to the jury the issues of fact and the law applicable thereto, harmless error in instructions separately criticized on appeal does not require a reversal of the judgment on the verdict." Whittaker v. Omaha & C. B. Street Ry. Co., 137 Neb. 800, 291 N. W. 275. See, also, Shiman Bros. & Co. v. Neb. Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551.

Finally, defendants argue that the verdict was so excessive as to require reversal, but under the circumstances we decide that it was not. The son admitted in his own evidence that he struck plaintiff twice in the face with his fist, and that on the second blow, plaintiff went down, striking the side of his head on the pavement. There is competent evidence that they were hard blows and that there were more than two. Witnesses for plaintiff testified that they saw the son, clad in shoes, kick plaintiff hard about the head more than once while he was down, and that before and during the assault and battery they heard the father tell the son to "Hit him," "Hit him again," and "Kick him."

There is competent evidence that after the assault and battery, plaintiff was covered with blood and dazed, if not unconscious. He went to a physician, who took six or seven stitches in cuts near and upon his left eye lid, and two stitches in his right upper lip, which was cut clear through. He was bruised, sore, and unable to leave the doctor's office without assistance. There was bleeding from or near his left ear for several hours. He suffered pain, humiliation, and nervous shock, could not sleep or eat well for about a month, lost 15 pounds in weight, walked with a cane for some two weeks and was unable to perform his regular farm work or other employment for some time. At the time of the trial he had improved, but still had nervousness, headaches, and pain. There is also competent evidence that he had partial loss of hearing and buzzing in his left ear, with scars upon, numbness in, and drooping or sagging of both his eyelid and lip, which is permanent.

There are two recent cases decisive of the question. In Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451, it was said: "In an action sounding in damages merely where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and with their verdict the courts are reluctant to interfere. A verdict may be set aside as excessive by the trial court or on appeal when, and not unless, it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law. 15 Am. Jur. 621, sec. 205; Heiden v. Loup River Public Power District, 139 Neb. 754, 298 N. W. 736; 3 Am. Jur. 452, sec. 893; 20 R. C. L. 282, sec. 66."

Also, in Sutton v. Inland Construction Co., 144 Neb. 721, 14 N. W. 2d 387, it was said: "No method of exact computation can be devised in determining compensatory damages in cases of this kind. We think the evidence

was such that the jury could properly arrive at the amount determined upon by them. We can find no yardstick whereby we can say as a matter of law that the verdict was excessive. Under such circumstances this court may not substitute its judgment for that of the jury, even if it be assumed that this court would determine that a lesser amount would constitute adequate compensation for the injuries sustained."

For the reasons heretofore stated, the judgment of the trial court is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.